Matthew M. Levy, J.
Motion by plaintiffs to vacate defendant’s notice to examine plaintiffs before trial in this negligence action is granted.
Issue was first joined on January 11, 1957; an amended answer was served on June 10,1957. A note of issue and statement of readiness were duly served by plaintiffs on or about September 4, 1957. The Special Rule Respecting Calendar Practice permitted defendant, within 20 days thereafter, to move to strike the case from the calendar by affidavit showing in what respects the case was not ready for trial. This, defendant did not do. And now, a number of months after the service *744 of the readiness statement, defendant seeks an examination. No excuse is offered by defendant for his failure to move in respect of the statement of readiness. In consequence he has, on this record, lost the opportunity to obtain a pre-trial examination (Rubens S Bros. v. Samdperil, N. Y. L. J., June 2, 1958, p. 7, col. 4; Weiss v. Holiber, Ñ. Y. L. J., April 17, 1958, p. 12, col. 3; Grauer v. Union News Co., N. Y. L. J., April 3, 1958, p. 5, col. 3; Lipsig v. Courtmel Co., N. Y. L. J., Feb. 27, 1958, p. 5, col. 6; Rothstein v. Custom Cartage Co., N. Y. L. J., Nov. 13, 1957, p. 11, col. 7).
Amy other holding would make the requirement for the filing of a statement of readiness a meaningless gesture and a calendar hoax. That certificate is to be taken to mean that the cause is ready for trial at the time of filing, not at some later time after the completion of pre-trial procedures deemed necessary to prepare for trial (Hoover v. Ruth, 8 Misc 2d 496, 497).
This determination is, of course, without prejudice to any application defendant may be advised to make, upon proper papers and due notice, to open his default in complying with the special rule.
Settle order.