Hamilton Ward, J.
Plaintiff moves for an order “ vacating a notice to take the testimony of the plaintiff * # * on the ground that the service of the said notice was untimely under Eule III of the Rules of the Supreme Court, Brie County ’ ’.
The notice to take testimony is the usual notice to take the testimony of a party pursuant to sections 288, 289 and 290 of the Civil Practice Act and rules 121 and 121-a of the Rules of Civil Practice.
Rule III of the Rules of the Supreme Court of the Eighth Judicial District, Erie County, reads as follows:
“Rule III. Notes of Issue:
“ Notes of issue must be filed as required by Rule 150 of the Rules of Civil Practice (amended May 20, 1957) in the form *765 required by Rule 150-a (May 20, 1957) of the Rules of Civil Practice as limited by special Rule respecting Calendar practice (Appellate Division, Fourth Department, March 19, 1957 and May 8, 1957).
“A. No case may be placed on any Calendar unless a statement is filed with the note of issue, with proof of service of a copy thereof on the attorneys for all other parties or unless such note of issue has annexed thereto a stipulation, signed by the attorneys for all parties to the action, that:
“1. (a) All necessary or proper proceedings allowed by Article 29 of the Civil Practice Act, by Rules 115, 116 and 121-a of the Rules of Civil Practice, and by the Rules of this Court applicable to notes of issue, have been completed by all parties, or if not completed
“ (b) there has been a reasonable opportunity to complete such proceedings, or
“(c) the parties do not intend to conduct any such proceedings ; and
“ (d) the case is ready for trial.
‘ ‘ 2. Within twenty days after filing the note of issue and said statement, any party may move to strike the case from the Calendar upon an affidavit indicating in what respects the case is not ready for trial. Such motions shall be returnable at the Part to which the Calendar Justice is assigned. The motion shall be determined by the Justice presiding at such Term. A copy of such notice of such motion shall be served, prior to the return date of such motion, on the County Clerk with whom the note of issue has been filed. During July and August such motions shall be returnable at Special Term, Part I.
“ B. If any case is stricken from the Calendar, pursuant to this Rule, it cannot be placed on any subsequent Calendar, except upon the filing of a new note of issue, together with the statement or stipulation prescribed in paragraph A hereof.”
The Rules of the Supreme Court of the Eighth Judicial District, Erie County, of which the above is a part, became effective February 1, 1958.
The note of issue in this action was served for a term of the Supreme Court commencing November 4, 1957. At that time Erie County was excepted by the Rules of the Supreme Court of the State of New York, Fourth Judicial Department, which required a statement of readiness to accompany a note of issue as of July 1, 1957. No statement of readiness was required to accompany a note of issue in Erie County until January 1,1958, and for that reason no such statement accompanied the note of issue filed by the plaintiff in this action.
*766 However, defendant did certify to this court that this action was ready for trial. This was done when plaintiff failed to object to the filing of notice of a certificate for pretrial conference. It must be understood that when an attorney for a party fails to object to the filing of a certificate for pretrial conference containing a statement of readiness and acquiesces in the filing thereof, his conduct amounts to a certification by him that the case is ready for trial. This action was presented for pretrial on February 18, 1958. It was not disposed of on pretrial and the calendar Justice certified the case to the Trial Division of the Calendar. This certificate was required because of the Rules of the Supreme Court of the Eighth Judicial District, Erie County, then in effect (eff. Jan. 1, 1957). These rules in part provided that no ease could reach the Trial Division of the Calendar except upon such certificate and by order of the calendar Justice. However, this is not the note of issue required by rule III of the present rules of the Supreme Court of the Eighth Judicial District, Erie County. Inasmuch as the petitioner here relies upon the statement of readiness now required by rule III to accompany a note of issue, this motion must be denied.
I do not reach the question as to how this court would hold in the event that a similar application is made for a case falling squarely under rule III of the present rules.
This motion may serve a very salutary purpose in this county and the members of the Bar should reflect on the practice which has grown up here.
It cannot be denied that many attorneys, in the usual willingness to co-operate with each other found in this county, at times consent to the filing of a note of issue and certification that the action is ready for trial, when such action is not ready for trial and when the procedures provided for have not been taken. By agreement, the attorney for the other party refrains from moving to vacate the note of issue within the 20 days provided for by the rules of this Department. Thereafter and by the same arrangement, application for a pretrial conference required in this county and containing the same statement of readiness is filed. Too often this statement certifies that the various proceedings are completed, are waived or are not required, when this is not a true statement of the fact. When an attorney does not object to such filing his conduct is tantamount to his certification that the action is ready for pretrial conference and for trial.
It may be that the court is not free from criticism in this practice, for it has to some extent closed its eyes to the practice *767 with the unspoken assent that such proceedings may thereafter be held as long as the forward progress of the case on the calendar is not delayed. This practice, however, has resulted in a great many cases reaching the calendar and appearing for pretrial which are not ready as certified. No real delay occurs as long as it is understood that the calendar Judge will not delay the progress of the case while attorneys proceed with further preparation.
Not until Price v. Brody (7 A D 2d 204) has this practice been tested in Special Term. In New York County there is a special calendar rule (Special Rule Respecting Calendar Practice of the New York County Supreme Court) similar to rule III of the Rules of the Supreme Court of Erie County, concerning a statement of readiness accompanying a note of issue.
Included here for the advice of the Bar of Erie County is the Per Curiam decision of the Appellate Division, First Judicial Department in the above case:
Per Curiam. Plaintiffs appeal from an order of Special Term denying their motion to vacate a notice served by the defendant requiring plaintiffs to submit to an examination before trial. The action is one to recover damages for personal injuries by the plaintiff wife and for the loss of her services by plaintiff husband as a result of an alleged fall suffered by plaintiff wife on defendant’s premises on December 14, 1957.
The summons was served on January 15, 1958, issue was joined on April 15, 1958, and on May 20, 1958 a note of issue and statement of readiness was filed. Thereafter, on June 10, 1958, defendant served a notice of examination before trial. Plaintiffs thereupon moved to vacate the notice of examination before trial on the ground that the service was untimely under the Special Rule Respecting Calendar Practice of the New York County Supreme Court Rules. Insofar as relevant that rule is as follows:
“A. No case may be placed on any calendar unless a statement is filed with the note of issue, with proof of service of a copy thereof on the. attorneys for all parties, that:
“1. (a) all necessary or proper proceedings allowed by Article 29 of the Civil Practice Act by Rules 115, 116 and 121-a of the Rules of Civil Practice, and by the rules of this court applicable to notes of issue, have been completed by all parties, or if not completed
“(b) there has been a reasonable opportunity to complete such proceedings, or
“ (e) the parties do not intend to conduct any such proceedings;
“2. the case is ready for trial; and
“3. (a) settlement of the case has been discussed unsuccessfully, or
“ (b) settlement discussions have not taken place for reasons stated.
“ Within twenty days after filing the note of issue and said statement any party may move to strike the case from the calendar upon an affidavit indicating in what respects the case is not ready for trial. Such motions shall be returnable at Trial Term Calendar Part and be determined by the justice presiding in said part.” (Emphasis supplied.)
*768 We hold the clear intendment of the rule to be that where a defendant has not taken the deposition of the plaintiff at the time that a note of issue and a certificate of readiness are filed the defendant must, within 20 days after the filing of the note of issue and certificate of readiness, indicate his desire to take such deposition by moving to strike the cause from the calendar. Upon defendant’s failure to do so, we interpret the rule to mean generally that the defendant waives the right to take the deposition of the plaintiff. It also follows that where a plaintiff places a cause upon the calendar by the filing of a note of issue and certificate of readiness without having taken the defendant’s deposition such action constitutes a waiver of plaintiff’s right to take the deposition. The provision for the placement of causes upon the trial calendar binds both plaintiff and defendant.
In the case at bar, no claim of special, unusual or extraordinary circumstances was made by the defendant nor was there any such finding at Special Term. Absent any special, unusual or extraordinary circumstances, it was an inappropriate exercise of discretion to deny plaintiffs’ motion to vacate defendant’s notice of examination before trial. (Amkraut v. Roanoke Garment Co., 5 A D 2d 863.) The oft-enunciated policy of encouraging pretrial disclosure in most cases in and of itself is not sufficient to excuse a party’s failure to comply with the Special Rule Respecting Calendar Practice. The further fact, as stated here, that neither party will be prejudiced by allowing the examination, should not be a decisive factor in permitting departure from the general rule. Present special, unusual or extraordinary circumstances, spelled out factually, the court has discretion to depart from this interpretation of the rule. In all eases involving this rule, however, the judicial discretion to be exercised should be discreet, circumspect, prudent and cautious, and no party should be relieved of compliance with its provisions unless it clearly appears that the interests of justice require it.
The order of Special Term should be reversed, with costs to appellants, on the facts, the law and in the exercise of discretion, and plaintiffs’ motion to vacate defendant’s notice'of examination before trial should be granted.
It cannot be predicted what course Special Term in Brie County or the Appellate Division of the Fourth Judicial Department would follow in a proper case under rule III if the issue is properly raised here.
It seems to this court that the readiness rule should either be conscientiously complied with or it should be abolished. It is designed to aid attorneys and litigants in preventing undue calendar congestion.
If the Bar generally believes this rule does not serve the purpose intended, it should make itself heard and address its objections thereto to the Appellate Division of the Fourth Judicial Department. As long as it is a rule, it should not be honored more in the breach than in the observance.
Those concerned with calendar practice are making every effort to preserve to the lawyers and the litigants the traditional American principle of trial by jury. This may be lost by overly congested calendars. Without the full co-operation of the lawyers, these efforts are ineffectual