Matthew M. Levy, J.
This is a motion by defendant to direct plaintiff to serve a bill of particulars. The demand is complicated enough, but more to the point at this time is the tardiness of the application. It appears that suit was commenced in May, 1958, and that on April 8, 1959, plaintiff duly served upon defendant a note of issue and statement of readiness. No motion was made by defendant with respect thereto (Special Rule Respecting Calendar Practice, New York County Supreme Court Rules).
Defendant’s application for a bill is opposed by plaintiff on the ground that defendant’s failure to move, within 20 days after the statement of readiness was served, to strike the case from the trial calendar constituted a waiver of his right to the bill now sought. In my view, the opposition is well taken. No factual statement is contained in the moving affidavit presenting special, unusual or extraordinary circumstances warranting the exercise of this court’s discretion in departing from the interpretation of the rule as set forth by the Appellate Division in Price v. Brody (7 A D 2d 204). That authority, it is true, involved examinations before trial, but it should be noted that the statement-of-readiness rule, in clause (a) of paragraph 1 thereof, specifically includes bills of particulars as one of the preliminary steps required to be completed before a note of issue may be filed. It is listéd as a proceeding allowed by rules 115 and 116 of the Rules of Civil Practice, and is joined with depositions and other pretrial procedures allowed by article 29 of the Civil Practice Act and by rule 121-a of the Rules of Civil Practice. Accordingly, its application to bills of particulars must, in my view, be accorded the same treatment as given to examinations before trial under the principle set forth in Price v. Brody (supra). This motion is, therefore, denied.
* ‘ Any other holding would make the requirement for the filing of a statement of readiness a meaningless gesture and a calendar hoax. * * * This determination is, of course, without prejudice to any application defendant may be advised to make, upon proper papers and due notice, to open his default in complying with the special rule [Respecting Calendar Practice].” (Finn v. McLaren, 14 Misc 2d 743, 744.)