Michael Catalino, J.
Defendant moves to vacate notice of October 19,1959 for taking testimony of “ B. B. Hoffman, George Ganey, and Dr. William Meisner, and any other employee who approved the issuing of the Policy No. 438296 by the defendant ” because of plaintiff’s waiver, and because the specified individuals are not and were not employees of defendant.
It appears that on June 27, 1958 the summons and complaint were served, alleging a cause of action to recover $25,000 on a life insurance policy issued by defendant to one William J. Murray on July 17, 1957. On August 6, 1958 the answer was served. On August 14, 1958 the original note of issue was filed by plaintiff, stating that examinations before trial and depositions were not necessary. On September 24,. 1958 defendant moved to strike the case from the calendar; it was held generally and never decided. On September 2, 1958 plaintiff’s attorney signed a statement of readiness that examinations before trial and depositions were not required. On September 4, 1958 a note of issue was filed by plaintiff’s attorney, stating examinations before trial were not required and all depositions were completed. On October 20, 1959, over one year later, the within notice was served on defendant’s counsel.
It also appears that B. B. Hoffman was a general life insurance agent, George Ganey was an independent broker, Dr. William J. Meisner a physician who examined the deceased for the defendant; but, none ever were or are employees of defendant.
Subdivision 2 of rule III of the Buies of the Supreme Court, Eighth Judicial District, Erie County, entitled “ Notes of Issue, ’ ’ provides in part: ‘ ‘ Within twenty days after filing the note of issue and said statement, any party may move to strike the case from the Calendar upon an affidavit indicating in what respects the case is not ready for trial.” (Eff. Feb. 1,1958.)
It appears that one Nathan D. Seeberg was and is the attorney of record for the plaintiff, that one Abraham Both was associated with him and in charge of this case, that one Dean E. Higgins has been substituted for Mr. Seeberg, but no stipulation or order of substitution has been presented to this court.
New York County has a similar 20-day rule which has been interpreted by the appellate court. (Special Rule Respecting Calendar Practice of the New York County Supreme Court Buies.) Generally, this rule of New York County is enforced rigidly, except where special circumstances are shown, such *133 as a case involving “ circumstances of which appear to be peculiarly in the knowledge of plaintiff ’ ’ (Amkraut v. Roanoke Garment Co., 5 A D 2d 863, 864) or an unusual change of attorneys (McGuire v. Pick, 8 A D 2d 800. See, also, Prive v. Brody, 7 A D 2d 204).
In Erie County, Mr. Justice Ward wrote ably upon this subject in the case of Lavett v. Federal Market Co. (20 Misc 2d 764, 766), saying, inter alia: “It must be understood that when an attorney for a party fails to object to the filing of a certificate for pretrial conference containing a statement of readiness and acquiesces in the filing thereof, his conduct amounts to a certification by him that the case is ready for trial. ’ ’
Where a plaintiff places a cause upon the calendar by the filing of a note of issue and certificate of readiness without having taken the defendant’s or a witness’ deposition, such action constitutes a waiver of plaintiff’s right to take the deposition, unless special, unusual or extradordinary circumstances are shown to the contrary. (Price v. Brody, 7 A D 2d 204, 205-206, supra.)
Since the persons sought to be examined are not parties or employees of parties, it may be that the plaintiff was innocent of such fact until this motion was brought. It also may be that such circumstances exist as to rebut the presumed waiver. Therefore, an opportunity should be afforded the plaintiff to furnish them, if they exist.
The motion is granted unless the plaintiff, within 20 days of the signing and service of the order to be presented herein, serve and file sufficient affidavits to rebut any waiver on its part and to comply with article 29 of the Civil Practice Act, otherwise if such affidavits are not so served and filed, the motion shall be granted unconditionally, without costs.
Prepare and submit order accordingly.