Russell G. Hunt, J.
This is a motion by the claimant to vacate the State’s demand for a bill of particulars and the State’s notice of an examination of the claimant before trial; the demand and the notice were dated February 2.6, 1960. The *937 grounds for the motion are that the State by the serving and filing of a certificate of readiness, pursuant to rules 3 and 4 of the Court of Claims Rules, waived pretrial disclosure proceedings and certified that it was ready for trial. The State opposes the motion, but, files no answering affidavits.
The claim was filed in the office of the Clerk of the court on June 10, 1959, and served on the Attorney-General. It alleges that under date of October 28, 1958, a notice of intention to file a claim was filed with the Clerk and served on the Attorney-General on the following day respecting a motor vehicle accident on August 10,1958, allegedly due to the negligence of the State in the maintenance and repair of State highway known as Route No. 9H near Kinderhook, Columbia County.
Pursuant to rules 3 and 4 of the Court of Claims Act, the Attorney-General filed with the Clerk of the court and served upon the claimant’s attorneys a certificate of readiness dated October 22, 1959, and the claim was advanced from the General Calendar to the Trial Calendar. Thereby the Attorney-General certified that “ all necessary or proper proceedings allowed pursuant to the Court of Claims Act, the Court of Claims Rules, the Civil Practice Act and the Rules of Civil Practice have been completed by all the parties, or, if not completed, there has been a reasonable opportunity to complete such proceedings,” and, that “ The claim is ready for trial and it is requested that it be placed on the trial calendar ”.
The rules of this court reflect its policy that all pretrial disclosure proceedings must be completed before a claim may be placed on its Trial Calendar. When a party advances a claim from the General Calendar to the Trial Calendar by filing a certificate of readiness “ such action constitutes a waiver * * *. The provision for the placement of causes upon the trial calendar binds both plaintiff and defendant” (Price v. Brody, 7 A D 2d 204, 205), and, in the absence of any “ special, unusual or extraordinary circumstances” it would be “an inappropriate exercise of discretion to deny” (pp. 205-206) claimant’s motion herein to vacate the State’s demand for a bill of particulars and its notice of an examination before trial, and, particularly so, since it does not appear ‘ ‘ that the interests of justice require it” (p. 206). The State has made no showing of circumstances calling for a departure from the rules and the certificate of readiness filed by the Attorney-General. The motion is granted. “ Any other holding would make the requirement for the filing of a statement of readiness a meaningless gesture and a calendar hoax ” (Finn v. McLaren, 14 Misc 2d 743, 744).