Louis Gr. Bruhn, J.
This is a motion on behalf of the individual defendant, pursuant to section 299 of the Civil Practice Act, to strike out the plaintiff’s complaint and for judgment for this defendant against the plaintiff, or, in the alternative, for an order requiring the plaintiff to appear for examination before trial at a time and place to be specified by this court.
This is an action for materials and labor alleged to have been furnished by the plaintiff to the defendants.
Issue was joined on September 5, 1958 and no further proceedings apparently were taken by either party.
On December 9, 1958 plaintiff’s attorneys wrote to the individual defendant’s then attorney requesting that he execute the stipulation on the statutory note of issue so that it could be properly filed.
Failing to receive any response to such request and after waiting two months, the plaintiff, on February 9,1959, filed the note of issue.
Normally, under those circumstances, since a reasonable time had expired the defendants would have been presumed to have waived their right to any examinations before trial. (See Special Rule Respecting Calendar Practice, App. Div., 3d Dept.; Hoover v. Ruth, 8 Misc 2d 496; Cerrone v. S’Doia, 11 A D 2d 350; Finn v. McLaren, 14 Misc 2d 743.)
While strict adherence to the Readiness Rule is the general attitude of all Departments, the case of Price v. Brody (7 A D 2d 204) suggests a possible deviation.
That court, at page 206, stated: “ Present special, unusual or extraordinary circumstances, spelled out factually, the court has discretion to depart from the interpretation of the rule. In all cases involving this rule, however, the judicial discretion to be exercised should be discreet, circumspect, prudent and cautious, and no party should be relieved of compliance with its provisions unless it clearly appears that the interests of justice require it. ’ ’
In the instant case it appears uncontradicted that the attorneys for the individual defendant were not retained until sometime in January, 1961 and that they immediately served a demand for a bill of particulars and a notice to examine the plaintiff before trial.
While such facts alone would not be sufficient to invoke the discretion of this court, it further appears uncontradicted that the individual defendant had in his possession files of the corpor *505 ate defendant pertinent to this litigation; that in the course of changing his residence such corporate records were lost and that the former accountant of the corporate defendant now resides in Florida.
The individual defendant further claims that at the time the note of issue was filed in this case he had in his possession records of the corporate defendant which would substantiate his defense that this obligation is a corporate rather than an individual obligation and that now, under those circumstances, the examination of the plaintiff and its records is necessary to establish such defense.
It would seem, therefore, under those circumstances that the interest of justice would best be served without doing violence to the strictness of the Readiness Rule if an examination were permitted. (McGuire v. Pick, 8 A D 2d 800; Van Blarcom v. Rogers, 11 A D 2d 678.)
For the reasons stated, the motion to dismiss the complaint is denied, without costs.
However, the motion to order an examination of the plaintiff is granted, without costs, and such examination is directed to take place no later than May 15, 1961 and if not held by that date the case is ordered stricken from the calendar.