Raymond J. Mino, J.
This is a motion by the defendant to preclude the plaintiff from offering any evidence of items of which particulars were not delivered as demanded in a notice therefor; and also to strike the action from the calendar pursuant to the Special Rule for the Supreme Court in the counties within the Third Judicial District for the filing of a statement of readiness effective January 1, 1957 and adopted by the County Court of Ulster County on March 1, 1958.
*68 The moving and opposing affidavits do not indicate when the action was commenced or when issue was joined. It appears, however, that on July 8, 1959 the defendant served a demand for a bill of particulars; that on June 15, 1960 a note of issue with statement of readiness was filed by the plaintiff and served on defendant’s attorney and that thereafter on November 22, 1961 plaintiff served a verified bill of particulars. Apparently the defendant returned the bill of particulars to the plaintiff on the basis that it failed to comply with certain of the demands.
The note of issue filed states that all pleadings were filed; that there had been reasonable opportunity to complete the usual preliminary proceedings and that the case was ready for trial.
The defendant’s motion is not timely. His failure to move within 20 days after the filing of the note of issue and the statement of readiness must be deemed to constitute assent to the statement of readiness and a waiver of his right to pursue proceedings for a bill of particulars (Hoover v. Ruth, 8 Misc 2d 496) absent any special, unusual or extraordinary circumstances. (Finn v. McLaren, 14 Misc 2d 743.) No special circumstances are set forth by the defendant.
In Cerrone v. S’Doia (11A D 2d 350, 352), when a defendant’s motion to preclude was denied as untimely under the statement of readiness rule, the court said:
“ The purpose of this statement of readiness rule is to insure that only those actions in which all the preliminary proceedings have been completed, and which are actually ready for trial shall be on the Trial Calendar, and to prevent undue calendar congestion. To effectuate such purpose the rule must be strictly enforced. (Lavett v. Federal Market Co., 20 Misc 2d 764; Rules App. Div. 2d Dept., Special Readiness Rule, subd. [9], par. [a], eff. Nov. 18, 1957, as amd. eff. Sept. 8, 1958.)
“Where a note of issue and a statement of readiness have been filed and served in accordance with the rule, each party to the action is deemed to have assented to the statements contained therein and to have waived his right to pursue the proceedings allowed by article 29 of the Civil Practice Act and by rules 115, 116 and 121 of the Rules of Civil Practice unless he shall have moved within 20 days thereafter to strike the case from the calendar. (Price v. Brody, 7 A D 2d 204; Hoover v. Ruth, 8 Misc 2d 496; Finn v. McLaren, 14 Misc 2d 743; Walzer v. Rettner, 20 Misc 2d 540.) ”
Accordingly, the motion is denied, without costs.