Thomas P. Farley, J.
Application by defendant, Neal’s Tree Service, Inc., to reargue a motion for an order directing the plaintiff and codefendant to appear for examination before trial is granted and, upon such reargument, the original determination is adhered to.
It appears that in March, 1961, the movant’s former attorneys caused a notice of examination to be served on all other parties returnable May 15, 1961. Thereafter, said examinations were adjourned by consent to September 27, 1961. However, neither the movant nor its former attorneys appeared to conduct such examination. In December, 1961, the plaintiff filed a statement of readiness and note of issue for the February 1962 Nonjury Trial Term Calendar. The trial of the case is now imminent.
The Statement of Readiness Rule of the Appellate Division, Second Department, in effect in February of 1962, provided in paragraph (c) of subdivision (9) that after an action has been placed on the Trial Calendar by one filing a statement of readiness and, absent a timely motion to strike the same therefrom, no pretrial examination or other preliminary proceeding may be had except upon a court order where “ unusual and unanticipated conditions subsequently develop which make it necessary that further pre-trial examinations or further preliminary proceedings be had and if, without them, the moving party will be unduly prejudiced ’ ’.
The purpose of the Statement of Readiness Rule is to insure only that those actions in which all preliminary proceedings have been completed, and which are actually ready for trial shall be on the Trial Calendar, and to prevent undue calendar congestion. To effectuate such purpose, the rule must be strictly enforced (Lavett v. Federal Market Co., 20 Misc 2d 764).
Where a note of issue and a statement of readiness have been filed and served in accordance with the rule, each party to the action is deemed to have assented to the statements contained therein and to have waived his right to pursue further prelimi *176 nary proceedings unless he shall have moved within 20 days thereafter to strike the case from the calendar (Morrison v. Sam Snead Schools of Golf of N. Y., 13 A D 2d 986; Price v. Brody, 7 AD 2d 204).
By its failure to timely move to strike the action from the calendar, the movant assented to the statement of readiness and waived its right to pursue further preliminary proceedings.
In the court’s considered opinion, neither the carelessness of the movant’s prior attorneys nor the fact that the insurance company indemnifying the movant has since become defunct, constitutes ‘ 1 unusual and unanticipated conditions” within the meaning and intent of the above-quoted paragraph (c) of subdivision (9) of the Statement of Readiness Rule.