Domenick L. Gabrielli, J.
On February 26, 1963, the above action was commenced by the service of a summons and complaint. Issue was joined by service of an answer on April 3, 1963. Various pretrial procedures were had between that date and May 7, 1963, when the note of issue was filed and served ; and on November 12, 1963 a statement of readiness was filed and served upon the moving defendant.
The matter was properly placed on the Trial Calendar and when called for disposition, the case was answered and marked “ Beady ” by both parties.
More than a year has passed since issue was joined and defendant now seeks an order for (1) a bill of particulars, (2) a physical examination of the plaintiff, (3) an examination before trial; and (4) an examination of certain hospital records.
Not only was the case marked “ Beady ” but the defendant did not move within 20 days after filing the note of issue, to strike the case from the calendar nor did it thereafter move to open its default in complying in that respect with Appellate Division, Fourth Department, Special Bule Bespecting Calendar Practice. This rule provides: “ A. No case may be placed on any calendar unless a statement is filed with the note of issue, with proof of service of a copy thereof on the attorneys for all other parties or unless such note of issue has annexed thereto a stipulation, signed by the attorneys for all parties to the action that:
“ 1. (a) all necessary or proper proceedings allowed by Article 29 of the Civil Practice Act, by Buies 115, 116 and 121-a of the Buies of Civil Practice, and by the rules of this Court applicable to notes of issue, have been completed by all parties, or if not completed
“ (b) There has been a reasonable opportunity to complete such proceedings, or
“ (c) the parties do not intend to conduct any such proceedings; and
u (d) the case is ready for trial.
“ Within 20 days after filing the note of issue and said statement, any party may move to strike the case from the calendar *540 upon an affidavit indicating in what respects the case is not ready for trial.” (Italics mine.)
Defendant’s application is opposed by plaintiff on the ground that the defendant’s failure to move, within 20 days, to strike the case from the calendar constituted a waiver of its right to the relief now sought.
In the court’s opinion, the opposition is well taken. As the court said in Firm v. McLaren (14 Misc 2d 743, 744): “ Any other holding woikld make the requirement for the filing of a statement of readiness a meaningless gesture and a calendar hoax. That certificate is to be taken to mean that the cause is ready for trial at the time of filing, not at some later time after the completion of pretrial procedures deemed necessary to prepare for trial (Hoover v. Ruth, 8 Misc 2d 496, 497).”
Unless the foregoing Special Rule is to be rendered impotent to fulfill the purposes for its promulgation, the omission of the defendant to so move must be deemed to constitute an assent to the statements contained in the plaintiff’s note of issue on these subjects and will thus be a bar to its right to conduct these preliminary proceedings at this stage of the litigation.
This reasoning and rule have been consistently held to be operative by the First and Fourth Departments in Price v. Brody (7 A D 2d 204) and Cerrone v. S’Doia (11 A D 2d 350). (See, also, Walser v. Rettner, 20 Misc 2d 540; Lavett v. Federal Market Co., 20 Misc 2d 764.) Motions denied.