John H. Farnham, J.
Plaintiff, an infant now 12 years of age, moves pursuant to CPLR 3101 et seq. for an order directing the examination of defendant Crowell at a time to be fixed by the court relative to material facts in the case as presented by the pleadings. The motion is based on the pleadings and the affidavit of plaintiff’s counsel setting forth the necessity for the relief sought.
Defendant Crowell did not submit any answering affidavits or any memorandum of law on this motion.
In resolving this motion, the court is well aware of the Special Rule Respecting Calendar Practice as adopted by the Fourth Department. Similar rules have been adopted by other departments. It is strict and it should be applied strictly. As a matter of fact, the courts seem to be in uniform agreement that one of its chief designs, if not its paramount purpose is to counteract and, hopefully, to eliminate calendar congestion.
The rule also places upon counsel the burden of making certain that the certificate of readiness is factual in its import. There also is the 20-day motion period, as a saving clause, if there is need on the part of the movant or his opponent to bring on a motion to strike the case from the calendar. (As the court understands it, the chief object and design of the rule is to relieve and avoid calendar congestion.)
On October 4, 1961, at about 6:50 p.m., the infant plaintiff, then 8 years of age, was a passenger in defendant Crowell’s *261 automobile when it came into contact with the automobile of defendant Hennessy at the intersection of Court Street, on which street Crowell was eastbound, and Genant Drive, on which latter street the defendant Hennessy was southbound. The plaintiff was severely injured about the face and mouth with resultant permanent scars.
Summons and complaint were served on December 15, 1961, and issue was joined by defendant Crowell on March 1, 1962. Defendant Crowell denies liability for the accident. The infant plaintiff contends that there will be no prejudice to defendant if the examination of him by plaintiff is allowed to proceed at this time. She also claims continuing co-operation on her part with defendant in that she has permitted him to have several physical examinations of her. Further does she stress the fact that no delay in the trial of the action will result from the granting of her motion.. The court concurs in this position and there will result no calendar loss of position by the granting of this motion. It may not be a controlling factor but plaintiff claims the delay in her examination of defendant Crowell has been due to pending negotiations between the parties on the question of damages.
The added and important position of the plaintiff is that defendant Crowell’s examination is necessary and material to plaintiff’s proof for the reason that she is an infant, now some 11 or 12 years of age. On the question of defendant Crowell’s negligence, she is charged with the burden of proof. The defendant Crowell was the only adult in his vehicle in which the infant plaintiff was a passenger and therefore, so far as Crowell is concerned, the facts of the accident and his actions are within his sole and exclusive knowledge.
On motions of this type involving the special calendar rule the court is- confronted Avith the leading case in this Department (which, hoAvevcr, Avas on the subject of a bill of particulars demand) of Cerrone v. S’Doia (11 A D 2d 350 [4th Dept.]) Avherein the court staled that the special readiness rule must be strictly enforced, and cited in support of its determination the following cases: Price v. Brody (7 A D 2d 204 [1st Dept.]); Hoover v. Ruth (8 Misc 2d 496); Finn v. McLaren (14 Misc 2d 743) and Walser v. Rettner (20 Misc 2d 540).
The above Price case arose in the First Department in 1959. The special calendar rule Avas similar in that Department to our Fourth Department rule above referred to and was related by that court in its decision in the said Price case setting forth the clear intendment of the rule as constituting a waiver if counsel fails to act Avithin the stated 20-day period.
*262 Continuing and with reference to discretionary authority of this court, we quote the statement of the appellate court in the Price case (p. 206): “ The oft-enunciated policy of encouraging pretrial disclosure in most cases in and of itself is not sufficient to excuse a party’s failure to comply with the Special Buie Bespecting Calendar Practice. The further fact, as stated here, that neither party will be prejudiced by allowing the examination, should not be a decisive factor in permitting departure from the general rule. Present special, unusual or extraordinary circumstances, spelled out factually, the court has discretion to depart from this interpretation of the rule. In all cases involving this rule, however, the judicial discretion to be exercised should be discreet, circumspect, prudent and cautious, and no party should be relieved of compliance with its provisions unless it clearly appears that the interests of justice require it.” See, also, Amkraut v. Roanoke Garment Co. (5 A D 2d 863) wherein the court found that “The circumstances of the accident were peculiarly within the knowledge of the plaintiff sought to be examined.” (Quotation marks supplied.) In this instant case, of course, we substitute the name “defendant Crowell” for “plaintiff” in the Amkraut case. (See, also, Van Blarcom v. Rogers, 11 A D 2d 678; McGuire v. Pick, 8 A D 2d 800.) In the instant case, the court does not rest its determination solely on the possible fact of the presence of special and unusual circumstances. We are here concerned with the interests of an infant who is unable to speak for herself. She was seriously injured. In spite of the fact that she has a guardian ad litem, she still is a ward of the court, who is chargeable with her well-being. She is not possessed of the information which she seeks by this examination, which she believes is important and necessary for the proper preparation of her case for trial. The defendant Crowell and only the defendant Crowell has this information. For the infant plaintiff her motion is a proper device under the statute to procure this information.
The court determines that such circumstances here exist that the granting of the motion clearly indicates that the interests of justice require such disposition.
In resolving the motion favorably to the plaintiff, and in the absence of any opposing or objecting papers on the part of the defendant Crowell, the court feels that it has the authority in its sound and considered discretion, not to depart from the interpretation of the rule, rather in the interests of justice, to grant the relief sought.
*263 It hereby determines that substantial justice dictates the granting of the motion and this is the court’s decision.
The examination of the defendant Crowell under oath should proceed forthwith on five days’ written notice designating the time and place thereof served on his attorneys.