JOHN M. HENDRY et al., Plaintiffs, *v.* FRED HILTON et al., Defendants.

Second Department, December 30, 1953.

*Joel J. Weiner* for defendants.

*Sol Lefkowitz* for plaintiffs.

ADEL, J. This is a motion by defendants to compel plaintiffs to accept service of a notice of appeal which plaintiffs' attorney previously had rejected.

The following is the chronology of events:

June 9, 1953 — the action, for an injunction, was tried; immediately upon the conclusion of the trial the referee rendered his decision in favor of plaintiffs. William L. Storey, Esq., appeared in the action as attorney for the defendants and represented them at the trial.

July 1, 1953 — the judgment was signed.

July 9, 1953 — the judgment was entered.

July 10, 1953 — plaintiffs' attorney served a copy of the judgment, with notice of entry, upon defendants' attorney of record, William L. Storey. Immediately upon receipt of such copy, Mr. Storey returned it with a letter stating that he no longer represented the defendants.

July 23, 1953 — plaintiffs claim they served a copy of the judgment, with notice of entry, upon defendants personally. Defendants vehemently deny such service.

September 28, 1953 — defendants admit service by the sheriff upon them of a copy of the judgment with notice of entry, on said date.

October 2, 1953 — defendants, through their new attorney, Joel J. Weiner, Esq., served notice of appeal from the judgment upon plaintiffs' attorney.

October 5, 1953 — plaintiffs' attorney returned the notice of appeal on the ground that it " was not timely served."

Plaintiffs urge that the instant motion should be denied because defendants were personally served with a copy of the judgment on July 23, 1953; and, hence, the purported service

of the notice of appeal by defendants on October 2d was too late — having been served more than thirty days after service of the judgment, with notice of entry. In support of their contention, plaintiffs submit the affidavit of the process server showing the service of the judgment upon defendants personally on July 23, 1953. In opposition, defendants submit affidavits showing that they were not at home on July 23d and that they were not served with the judgment on that day. A sharply disputed issue of fact is thus raised as to whether defendants were served with a copy of the judgment on July 23d. That issue is tendered for determination on this motion.

In our view, however, there is no need to decide that factual issue. Upon the other undisputed facts, we are constrained to hold, as a matter of law, that the service of the copy of the judgment upon defendants' first attorney, Mr. Storey, on July 10, 1953, was valid and that the thirty-day period prescribed for the taking of an appeal from the judgment (Civ. Prac. Act, § 612) commenced to run from that date. We reach this conclusion despite the return of such copy by Mr. Storey with the notation that he no longer represented the defendants.

It appears that after the trial of this action on June 9, 1953, a dispute arose between defendants and their attorney, Mr. Storey, and that as a result of such dispute defendants terminated his services or discharged him " prior to July 9, 1953." Neither the nature of the dispute nor the exact date and manner of the attorney's discharge is disclosed. However, the asserted termination of the relationship of attorney and client between defendants and Mr. Storey is not contradicted by plaintiffs; and, of course, plaintiffs are in no position to do so.

The service upon Mr. Storey would be invalid and would fail to start the running of the thirty-day period to appeal only if plaintiffs were automatically stayed by statute (Civ. Prac. Act, § 240) from proceeding by reason of defendants' discharge of their attorney prior to July 9, 1953. That section provides: " § 240. *Death, removal or disability of attorney.* If an attorney dies, is removed or suspended or otherwise becomes disabled to act at any time before judgment in an action, no further proceeding shall be taken in the action against the party for whom he appeared until thirty days after notice to appoint another attorney has been given to that party either personally or in such manner as the court directs."

Plaintiffs, of course, gave no notice to defendants requiring them to appoint another attorney.

The pivotal inquiry, therefore, is whether Mr. Storey's discharge prior to the entry of the judgment on July 9, 1953, constitutes the " removal " or the other " disability " to act contemplated by section 240. We think not.

That section does not relate to the removal or suspension of an attorney from the case, or to his disability to proceed therein, when such removal, suspension or disability is caused by the voluntary act of the attorney or client or by both. (Cf. cases cited in *Ohlquist* v. *Nordstrom,* 143 Misc. 502, affd. 238 App. Div. 766, affd. 262 N. Y. 696.) The section relates solely to a removal, suspension or disability which is involuntary, which is personal to the attorney, and which effectually prevents him from continuing to act — assuming his willingness to continue. It connotes a *force majeure,* such as death, mental or physical incompetency, induction into military service, disqualification resulting from statute or from election to judicial office, or disqualification due to disbarment or removal by the court from the office of attorney at law or disqualification due to suspension by the court from the practice of the law. (Cf. *Coon* v. *Plymouth Plank Road Co.,* 32 Mich. 248, 250; *Mudano* v. *Sichko,* 227 App. Div. 670; *Commercial Bank* v. *Foltz,* 13 App. Div. 603, and 6 C. J., Attorney and Client, § 192.)

Obviously, the purpose of the statute (Civ. Prac. Act, § 240) is to afford a litigant, who has, through no act or fault of his own, been deprived of the services of his counsel, a reasonable opportunity to obtain new counsel before further proceedings are taken against him in the action. That purpose is fully subserved if the application of the statute be confined to causes which, as to the client, may be said to arise from a *force majeure* or one over which he has no control. A client's voluntary discharge of his attorney is plainly not such a cause.

It may be noted that in a comparatively recent decision (*Thomas* v. *Thomas,* 178 Misc. 349), a contrary view is expressed. It was there held that an attorney's discharge by a client is a removal or disability within the purview of the statute. (Civ. Prac. Act, § 240.) For the reasons already assigned we do not subscribe to that view.

If section 240 may not be invoked by the defendants, then it follows that the service of the copy of the judgment with notice of entry upon their original attorney on July 10, 1953, was valid. Until an attorney of record is discharged in the mode prescribed by law (Rules Civ. Prac., rule 56), that is, by order of the court or by stipulation signed by the attorney and the client, the attorney is authorized to act for all purposes inci-

dental to the entry and enforcement of the judgment; as to the adverse parties his authority continues unabated (*Ohlquist* v. *Nordstrom,* 143 Misc. 502, affd. 238 App. Div. 766, affd. 262 N. Y. 696, *supra; Commercial Bank* v. *Foltz,* 13 App. Div. 603, *supra; Lusk* v. *Hastings,* 1 Hill 656; *Miller* v. *Shall,* 67 Barb. 446). Of course, for the purpose of prosecuting an appeal from the judgment the client is free to retain another attorney without the necessity of any formal substitution. (*Gradl* v. *Saulpaugh,* 268 App. Div. 787, and cases cited there and in 70 A. L. R. 836.)

Nor are the defendants aided by the provisions of section 99 of the Civil Practice Act. Subdivision 3 of that section provides that: " If an attorney dies, is removed or suspended within the time fixed by law to take an appeal, without having served a notice of appeal, such notice may be served within sixty days from the date of death, removal or suspension." That section is inapplicable for the same reasons that section 240 is inapplicable. However, section 99 is inapplicable for an additional reason: It extends the time to appeal only if the attorney dies, is removed or suspended " within the time fixed by law to take an appeal ". The time fixed by law is " thirty days after service upon the attorney for the appellant of a copy of the judgment * * * and a written notice of the entry thereof ". (Civ. Prac. Act, § 612.) Service here, we hold, was properly made on defendants' attorney on July 10, 1953. Hence, defendants alleged discharge of their attorney " prior to July 9, 1953," did not occur " within the time fixed by law to take an appeal."

Accordingly, it must be held as a matter of law and not in the exercise of discretion, that defendants' time to serve their notice of appeal under the circumstances of this case, was not enlarged by the provisions of either section 240 or subdivision 3 of section 99 of the Civil Practice Act. In the absence of such enlargement, defendants' attempted service of the notice of appeal on October 2, 1953, was not within the time prescribed by law. (Civ. Prac. Act, § 612.) And, as the court is without power to extend the time to appeal (Civ. Prac. Act, § 99, subd. 1), this motion to compel plaintiffs to accept defendants' late notice should be denied.

NOLAN, P. J., concurs in the result, being of the opinion that section 240 of the Civil Practice Act is inapplicable, since the motion papers do not establish that the attorney for the defendants was in any way disabled to act *before judgment,* within

the meaning of the statute (cf. *Vogel* v. *Edwards,* 283 N. Y. 118, and *Fish* v. *Emerson,* 44 N. Y. 376), and that service of the copy of the judgment, with notice of entry upon such attorney on July 10, 1953, was sufficient under the circumstances disclosed to start the running of the time within which defendants could appeal (Civ. Prac. Act, § 612).

WENZEL, SCHMIDT and BELDOCK, JJ., concur, with ADEL, J.; NOLAN, P. J., concurs in the result, with memorandum.

Motion to compel acceptance of notice of appeal denied, without costs.