ROBERT J. CERRONE et al., Appellants, *v.* WILLIAM S'DOIA, Defendant, and INDUSTRIAL BANK OF UTICA, Respondent.

Fourth Department, October 20, 1960.

*Williams & Williams* (*Roger H. Williams* and *Anthony F. Shaheen* of counsel), for appellants.

*Rudd, Penberthy & Nelson* (*Vincent A. De Iorio* of counsel), for respondent.

*Per Curiam.* Plaintiffs appeal from an order of Special Term which granted defendant-respondent's motion to preclude them from giving evidence at the trial of the action, of the items of which particulars were not delivered as demanded in a notice therefor. The action is one for an accounting, and for money damages. The summons was served on defendant-respondent on February 26, 1959. Issue was joined May 19, 1959 and on May 28, 1959 a note of issue with statement of readiness was filed by plaintiffs and served on defendant's attorneys. It stated that all pleadings had been served, that service of a bill of particulars had been waived, and that there had been a reasonable opportunity to complete the above proceedings. Defendant-respondent did not move within 20 days after filing the note of issue, to strike the case from the calendar nor did it thereafter move to open its default in complying in that respect with Appellate Division, Fourth Department, Special Rule Respecting Calendar Practice.

On November 19, 1959, defendant-respondent served a demand on plaintiffs' attorneys for a bill of particulars with notice that unless such bill of particulars was served within 10 days that defendant would apply for an order precluding the plaintiffs from giving any evidence at the trial of the items demanded. On December 4, 1959, no bill of particulars having been served in response to the demand, defendant-respondent moved for a preclusion order. The order of preclusion appealed from was granted on such motion on December 24, 1959.

The order should be reversed and the motion on which it was granted should be denied, because the demand for a bill of

particulars and the motion based thereon, were untimely under the Special Rule Respecting Calendar Practice of the Appellate Division, Fourth Department, which provides:

" A. No case may be placed on any calendar unless a statement is filed with the note of issue, with proof of service of a copy thereof on the attorneys for all other parties or unless such note of issue has annexed thereto a stipulation, signed by the attorneys for all parties to the action that:

" 1. (a) all necessary or proper proceedings allowed by Article 29 of the Civil Practice Act, by Rules 115, 116 and 121-a of the Rules of Civil Practice, and by the rules of this Court applicable to notes of issue, have been completed by all parties, or if not completed

" (b) There has been a reasonable opportunity to complete such proceedings, or

" (c) the parties do not intend to conduct any such proceedings; and

" (d) the case is ready for trial.

" Within 20 days after filing the note of issue and said statement, any party may move to strike the case from the calendar upon an affidavit indicating in what respects the case is not ready for trial."

The purpose of this statement of readiness rule is to insure that only those actions in which all the preliminary proceedings have been completed, and which are actually ready for trial shall be on the Trial Calendar, and to prevent undue calendar congestion. To effectuate such purpose the rule must be strictly enforced. (*Lavett* v. *Federal Market Co.,* 20 Misc 2d 764; Rules App. Div., 2d Dept., Special Readiness Rule, subd. [9], par. [a], eff. Nov. 18, 1957, as amd. eff. Sept. 8, 1958.)

Where a note of issue and a statement of readiness have been filed and served in accordance with the rule, each party to the action is deemed to have assented to the statements contained therein and to have waived his right to pursue the proceedings allowed by article 29 of the Civil Practice Act and by rules 115, 116 and 121 of the Rules of Civil Practice unless he shall have moved within 20 days thereafter to strike the case from the calendar. (*Price* v. *Brody,* 7 A D 2d 204; *Hoover* v. *Ruth,* 8 Misc 2d 496; *Finn* v. *McLaren,* 14 Misc 2d 743; *Walzer* v. *Rettner,* 20 Misc 2d 540.)

Defendant-respondent having assented to the statement of readiness and having waived his right to pursue proceedings for a bill of particulars allowed by rules 115 and 116 of the Rules of Civil Practice by his failure to move within 20 days after service and filing of the statement of readiness to strike the

action from the calendar, he is barred from maintaining proceedings for a bill of particulars at this stage of the litigation. (*Hoover* v. *Ruth, supra.*)

The order of Special Term should be reversed, with $25 costs and disbursements to appellants, and defendant-respondent's motion to preclude plaintiff from giving evidence at the trial of the action should be denied, with $10 costs.

All concur. Present—BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Order unanimously reversed, with $25 costs and disbursements, and motion denied, with $10 costs.