■ In the Matter of ELIZABETH HOLAHAN, Appellant, v. LENNARTH C. ANDERSON et al., Constituting the Zoning Board of Appeals of the City of Rochester, Respondents, and VAN DUSSEN PAINT CO., INC., Intervenor-Respondent.— Order unanimously reversed, with costs against the City of Rochester, determination annulled, and matter remitted to the Zoning Board of Appeals for further proceedings in accordance with the Memorandum. Memorandum: The Zoning Board of Appeals has granted an area variance to Van Dussen Co., Inc., intervenors in this proceeding, to permit the erection of a one-story concrete block addition to the side and rear of its existing building which will extend to the rear lot line without regard for the setback restriction. The minutes of the hearing held before the board and the other items attached to the return which constitute " all other papers received, considered and acted upon " by respondents, are not sufficient to sustain the board's finding of the existence of practical difficulties justifying the granting of an area variance. " It is elemental * * * that before the board may grant a variance, the record must disclose some basis to justify the conclusion that there are practical difficulties or unnecessary hardships." (*Matter of Ryback* v. *Murdock*, 1 A D 2d 132, 133.) Furthermore, the resolution and findings of the board indicate that the members acted also upon their own knowledge and inspection of the area in question. However, the particulars of their knowledge, and of facts known to the members but not otherwise disclosed, are not set forth. " The Board may act upon its own knowledge of conditions, but in the return it must disclose those facts upon which a reviewing court can determine that, under the statute, the Board had power to grant a variance ". (*Matter of Forrest* v. *Evershed*, 7 N Y 2d 256, 263.) Upon a rehearing intervenor may be able to establish that its need for warehouse space cannot be met by an addition built in compliance with the area restrictions. (Appeal from order of Monroe Special Term dismissing the petition on merits.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ MARY ANDRESEN, as Administratrix of the Estate of RICHARD O. ANDRESEN, Deceased, Respondent, v. BUFFALO TRANSIT Co., INC., Appellant.— Order insofar as it denies defendant's motion for a protective order unanimously reversed and motion granted and otherwise order affirmed, without costs of this appeal to either party. Memorandum: Plaintiff's notice to take deposition upon oral examination of defendant's employee and for production of books and records was served 2½ years after plaintiff had filed the first note of issue and certificate of readiness and 5 months after filing a second one. " Where a plaintiff places a cause upon the calendar by the filing of a note of issue and certificate of readiness without having taken the defendant's deposition such action constitutes a waiver of plaintiff's right to take the deposition." (*Price* v. *Brody*, 7 A D 2d 204, 205. See, also, *Cerrone* v. *S'Doia*, 11 A D 2d 350.) (Appeal from order of Erie Special Term granting plaintiff's motion to serve amended complaint, denying defendant's motion for protective order and to vacate plaintiff's notice to produce.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.