■ ROY P. WARREN, Respondent, v. VICK CHEMICAL CO. et al., Appellants. (Action No. 1.) — Order unanimously reversed, with costs, and motion granted. Memorandum: After plaintiff Warren's cause had been on the Erie County Supreme Court General Calendar for a year without a statement of readiness having been filed, it was placed on the General Docket in September, 1967. One year later, plaintiff moved to restore the case to the Trial Calendar. The affidavit in support of this motion stated that " This action is now ready for trial as all pre-trial procedures have been completed ". Special Term's granting of the order of restoration was conditioned upon a new note of issue being filed. This new note of issue accompanied by the required statement of readiness thereafter filed and dated September 27, 1968 certified that " All depositions now known to be necessary " and " Examination before trial " were " completed ". Special Term granted this order on September 27, 1968. On October 23, 1968 the same Special Term granted plaintiff an ex parte order removing this action (for the second time) from the Trial Calendar to the General Docket upon the ground that there were still pretrial procedures to be completed and also granted plaintiff three months' time to accomplish them. By subsequent order of February 6, 1969 Special Term further extended plaintiff's time to complete pretrial procedures, and by order dated the same date denied defendants' motion to vacate plaintiff's notice of taking of depositions and for a protective order. The court's action in granting plaintiff's motion of October 23, 1968 and extending plaintiff's time by its order of February 6, 1969 and the denial of defendants' motion by order dated February 6, 1969 was an improvident exercise of Special Term's discretion. The statement of readiness rule is designed to insure that only those actions in which all the preliminary proceedings have been completed and which are actually ready for trial shall be on the Trial Calendar (*Cerrone*

v. *S'Doia,* 11 A D 2d 350). Since neither party moved within the 20-day period following the filing of the note of issue and statement of readiness, there is a waiver of their rights to conduct any further pretrial procedures (*Mazzara* v. *Town of Pittsford,* 30 A D 2d 634). Only where there are present "special, unusual or extraordinary circumstances spelled out factually" has Special Term discretion to depart from this rule (*Price* v. *Brody,* 7 A D 2d 204, 205–206). Plaintiff's contention that his reliance on defendants' proffered stipulation regarding the taking of nonparty witnesses' depositions spells out special or unusual circumstances is without merit since defendants never executed the stipulation or assented to it prior to its withdrawal by defendants in March, 1968. Further, plaintiff offered no explanation for his failure to initiate any pretrial disclosure procedures for the two years his case was on the Trial Calendar and General Docket regarding taking the depositions of the parties. In fact, no action was taken by plaintiff to commence pretrial disclosure proceedings until January 3, 1969. Such delay makes plaintiff guilty of inexcusable laches. (Appeal from order of Erie Special Term denying motion for protective order.) Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Cardamone, JJ.