■ FRANK BELSKI, Respondent, v. NEW YORK CENTRAL RAILROAD, Appellant.— Order unanimously reversed, with costs, and motion for further examination before trial denied. Memorandum: In vacating a previous order of another Justice, Special Term permitted plaintiff to conduct a second examination before trial of defendant's employee although plaintiff had previously filed a statement of readiness and note of issue which stated that "all depositions now known to be necessary [are] completed". Upon the undisputed facts such was an improvident exercise of Special Term's discretion. ¶ The plaintiff alleged in his complaint that on September 6, 1966 he was injured when defendant railroad's freight car door fell on his foot. After issue was joined, plaintiff examined defendant. ¶ The action was stricken from the Supreme Court Calendar of Monroe County in September, 1969. Plaintiff's motion to restore was granted in October, 1969 upon condition that he file a new note of issue and a statement of readiness. Such was filed on September 15, 1970 with the declaration that all depositions had been completed. Prior thereto plaintiff had moved for a further examination before trial of defendant's employee, which motion was denied by Special Term (Schnepp, J.) on June 17, 1970. No appeal was taken from this order. On September 28, 1970 (after filing the above statement of readiness) plaintiff moved before Special Term (Erwin, J.) to vacate the prior order of Special Term and obtain a further examination before trial of defendant's employee. It is from the

order dated February 24, 1971 granting such motion that defendant has appealed. ¶ Absent a showing of unusual or special circumstances by the party seeking further disclosure, it is improper to grant the same after a statement of readiness has been filed (*Warren* v. *Vick Chem. Co.*, 37 A D 2d 913). As we have stated: "The purpose of this statement of readiness rule is to insure that only those actions in which all the preliminary proceedings have been completed, and which are actually ready for trial shall be on the Trial Calendar". (*Cerrone* v. *S'Doia*, 11 A D 2d 350, 352.) A party wishing further pretrial examination, in the absence of a showing of special circumstances, must move within 20 days to strike the case from the calendar or he will be deemed to have waived his rights for further disclosure (*Andersen* v. *Buffalo Tr. Co.*, 23 A D 2d 813). ¶ Moreover, the plaintiff's delay at all stages of this proceeding makes him guilty of laches and should have served as an additional basis for Special Term to deny plaintiff a further examination before trial 13 months after he had obtained defendant employee's deposition (*Barnett* v. *Ferguson*, 29 A D 2d 525). ¶ Further, since the previous Special Term Justice considered the same motion on the opposing affidavits before him, it was not a default application and the statute required that it be transferred to him (CPLR 2221). Special Term's subsequent vacating of another Justice's order is directly contrary to the policy that one Judge should not overrule an order in the same action of another Judge of co-ordinate jurisdiction (*Parker* v. *Rogerson*, 33 A D 2d 284, app. dsmd. 26 N Y 2d 964). The first Judge's decision is the law of the case and "therefore binding upon all courts of co-ordinate jurisdiction and they may not arrogate to themselves powers of appellate review" (*George W. Collins, Inc.* v. *Olsker-McLain Inds.*, 22 A D 2d 485, 489). (Appeal from order of Monroe Special Term, granting motion for examination before trial.)  Present — Marsh, J. P., Witmer, Gabrielli, Moule and Cardamone, JJ.