■ MARK FUOCO, an Infant, by MARCO FUOCO, His Father and Natural Guardian, Appellant, v. BOYLE BROTHERS, INC., et al., Respondents.— Order unanimously reversed, with costs, and motion granted. Memorandum: The infant plaintiff was injured on September 26, 1966 while riding as a passenger in a school bus when it was struck in the rear by a truck owned by defendant. A note of issue and statement of readiness were filed on his behalf on January 16, 1970 indicating that all pleadings and disclosure proceedings had been waived. A bill of particulars served on the defendant on November 21, 1968 (well over a year earlier) had alleged that the infant had suffered serious head and brain injuries. On December 28, 1970, two years after receiving this bill of particulars (and 11 months subsequent to the filing of the statement of readiness), defendant requested and counsel for plaintiff consented to a physical examination of the infant plaintiff. This examination was conducted by an internist selected by the defendant who was also authorized by plaintiff in April, 1971 to examine the infant's hospital records. Thereafter, the defendant moved for a further physical examination alleging that a "neurological examination is necessary based upon the bill of particulars". Plaintiff moved for a protective order to prevent such an examination and appeals its denial by Special Term. In our opinion Special Term abused its discretion. The statement of readiness rule insures that only those actions in which all preliminary proceedings have been completed and which are actually ready for trial shall be on the Trial Calendar (Cerrone v. S'Doia, 11 A D 2d 350). Having failed to move within the 20-day period following the plaintiff's filing of the note of issue and statement of readiness the defendant waived its right to conduct any further physical examination of the plaintiff (Gettemuller v. J. & M. Leasing Corp., 29 A D 2d 527; Jacobs v. Peress, 23 A D 2d 483). Only where there are present "special, unusual or extraordinary circumstances, spelled out factually" has Special Term discretion to depart from this rule (Price v. Brody, 7 A D 2d 204, 206). The defendant now requests a neurological examination based upon the bill of particulars with which the defendant had been served well over two years previously. The bill of particulars alleged serious brain and head injuries. After having notice of this for two years defendant obtained plaintiff's consent for a physical examination and chose to have the same conducted by an internist. These facts are not such a "special, unusual or extraordinary" circumstance as to give Special Term discretion to depart from the statement of readiness rule. Further, there is no merit to defendant's contention respecting a private understanding between counsel, since such arrangements to avoid the effect of the rule are prohibited by it (Morrison v. Sam Snead Schools of Golf of New York, 13 A D 2d 986). (Appeal from order of Erie Special Term, denying motion for protective order.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.