■ BURNETT PROCESS, INC., et al., Respondents, v RICHLAR INDUSTRIES, INC., et al., Appellants.—Order unanimously reversed, with costs, and motion for protective order granted. Memorandum: Plaintiffs' application for discovery was made after they had filed a note of issue with a statement of readiness and after an order preferring the action for trial had been entered. By filing the note of issue with statement of readiness alleging that all pretrial proceedings have been completed, plaintiffs waived their rights to further discovery and the order should not have been granted (22 NYCRR 1024.4; *Fuoco v Boyle Bros.,* 40 AD2d 943; *Belski v New York Cent. R.R. Co.,* 38 AD2d 882; *Warren v Vick Chem. Co.,* 37 AD2d 913; *Andresen v Buffalo Tr. Co.,* 23 AD2d 813; *Cerrone v S'Doia,* 11 AD2d 350). "Only where there are present 'special, unusual or extraordinary circumstances, spelled out factually' has Special Term discretion to depart from this rule." *(Fuoco v Boyle Bros., supra,* 943.) Such special circumstances do not exist here because another Judge granted a preference and then delayed trial by making the preference conditional on further pretrial proceedings by defendants. Plaintiffs' remedy was to proceed against that order, not seek further relief for themselves. The parties' tacit consent to ignore the statement of readiness may not circumvent the court rule *(Morrison v Sam Snead Schools of Golf of NY* 13 AD2d 986). (Appeal from part of order of Onondaga Special Term in action for breach of fiduciary duty.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.

■ LE FROIS FOODS CORP. et al., Respondents, v AETNA INSURANCE COMPANY et al., Appellants.—Order unanimously reversed, without costs, and motion denied. Memorandum: Time and again we have held that conditional orders of preclusion for failure to serve a bill of particulars may not be disregarded with impunity, and that in the absence of extraordinary and exceptional circumstances it is an abuse of discretion by Special Term to grant relief from such an order *(Dent v Baxter,* 37 AD2d 908). In addition, "Excuses for avoidable delay are insufficient which merely lay the delay at the door of the plaintiff himself, his lawyer of record, trial counsel, other associated counsel, or employees of any of the lawyers". *(Sortino v Fisher,* 20 AD2d 25, 29; see, also, *Williams v Mallinckrodt Chem. Works,* 42 AD2d 1044.) Since plaintiffs failed to meet their burden of explanation for neglect, other than overextension of counsel in professional commitments undertaken by him, it was an improvident exercise of discretion to vacate the orders of preclusion. (Appeal from order of Monroe Special Term vacating preclusion order.) Present—Marsh, P. J., Simons, Mahoney and Witmer, JJ.