■ JANE L. RIGGLE, Respondent, v BUFFALO GENERAL HOSPITAL, Appellant.—Order unanimously reversed, without costs, and motion denied. Memorandum: Plaintiff in an action for medical malpractice filed a combined note of issue and statement of readiness indicating completion of all examinations before trial and depositions known to be necessary. Subsequent thereto, by affidavit of plaintiff's attorney and notice of motion, plaintiff moved for an order pursuant to CPLR 3101 (subd [a], par [4]) for leave to take the oral deposition of an out-of-State physician who treated plaintiff after the alleged negligent treatment received by her at defendant hospital. In his supporting affidavit, plaintiff's attorney alleged that the out-of-State physician sought to be deposed was the only person on behalf of the plaintiff who had knowledge of the relevant facts and that "it appears that (the doctor) will be unavailable to testify as a witness at the trial". This motion came on to be heard before Hon. Norman A. Stiller, Justice of the Supreme Court, who denied plaintiff's application, holding that the special circum-

stances related in plaintiff's attorney's supporting affidavit were "totally insufficient" to overcome the prohibition against further depositions contained in the statement of readiness rule, with an order entered thereon, from which order no appeal was taken. Thereafter, by notice, plaintiff again moved for an order for leave to take the oral deposition of the same out-of-State physician. In support of her second motion, plaintiff submitted an affidavit of the doctor in question affirming his treatment of the plaintiff and his willingness to testify on her behalf by way of deposition, but, by reason of his professional commitments, could not come to Buffalo for trial testimony. In addition, plaintiff's attorney submitted his affidavit relative to the essentiality of the out-of-State physician's testimony to plaintiff's cause, the doctor's immunity from New York process, and that Justice Stiller's prior denial of relief sought was by reason of the "insufficiency of plaintiff's moving papers". This second motion came on to be heard before Hon. Seth A. Abbott, Justice of the Supreme Court, who, upon entertaining the motion, granted the relief sought by plaintiff with order herein appealed entered thereon. It has long been the rule in New York that a party cannot appeal from one Judge to another of co-ordinate jurisdiction (see *Kamp v Kamp,* 59 NY 212, 215–217). This rule is presently found in CPLR 2221 which provides in relevant part: "A motion for leave to renew or to reargue a prior motion * * * shall be made, on notice, to the judge who signed the order, unless he is for any reason unable to hear it * * * A motion made to other than a proper judge under this rule shall be transferred to the proper judge." While plaintiff seeks to distinguish Justice Stiller's prior dismissal of her motion on the basis of insufficiency of her moving papers, even if the supporting papers presented in plaintiff's second motion before Justice Abbott do allege additional grounds, such application at most constitutes a motion to renew rather than to reargue the motion for the same relief (see *Estrow v Wilson,* 30 AD2d 646). As such, it comes within the scope of CPLR 2221 and it was incumbent upon Justice Abbott to transfer the motion to Justice Stiller, absent the showing of some sufficient reason that Justice Stiller was unable to entertain it *(Matter of Wright v County of Monroe,* 45 AD2d 932; *Belski v New York Cent. R. R.,* 38 AD2d 882, 883; *Collins, Inc. v Olsker-McLain Ind.,* 22 AD2d 485). In addition, this Department's Uniform Calendar and Practice Rules provide, in relevant part: "Within 20 days after a note of issue and statement of readiness [are] filed * * * any party may move to strike the case from the calendar * * * and no such motion shall be allowed by any party thereafter" (22 NYCRR 1024.4 [e]). This rule and its predecessors have been held by this court to prohibit either party from conducting any further pretrial procedures once a note of issue and statement of readiness have been filed and the 20-day period to vacate has elapsed. "Only where there are present 'special, unusual or extraordinary circumstances, spelled out factually' has Special Term discretion to depart from this rule" *(Fuoco v Boyle Bros.,* 40 AD2d 943; see, also, *Burnett Process v Richlar Ind.,* 47 AD2d 994; *Belski v New York Cent. R. R., supra; Warren v Vick Chem. Co.,* 37 AD2d 913; *Andresen v Buffalo Tr. Co.,* 23 AD2d 813). "The purpose of this statement of readiness rule is to insure that only those actions in which all the preliminary proceedings have been completed, and which are actually ready for trial shall be on the Trial Calendar, and to prevent undue calendar congestion. To effectuate such purpose the rule must be strictly enforced" *(Cerrone v S'Doia,* 11 AD2d 350, 352). The rule's prohibitions apply to plaintiffs as well as to defendants *(Warren v Vick Chem. Co., supra).* Even private understandings between counsel to avoid the effect of the rule are prohibited *(Burnett Process v Richlar Ind., supra;*

*Morrison v Sam Snead Schools of Golf of N. Y.,* 13 AD2d 986). It would thus be counter to the afore-cited holdings to allow plaintiff to avoid the rule simply because plaintiff claims one of her main witnesses, the importance of whose testimony was long known to her, is out of State and refuses to participate in the trial to be conducted in Buffalo, New York. On this record, requisite "special, unusual or extraordinary circumstances" are not shown to warrant such relief. (Appeal from order of Erie Supreme Court—motion to take deposition.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.