■ Thaddeus Tomczak et al., Respondents, v Theresa Szczur et al., Appellants.—Order unanimously reversed, without costs, motion granted and judgment vacated. Memorandum: On November 13, 1973, more than one year after defendants defaulted by failing to submit an answer to plaintiffs' personal injury complaint, plaintiffs obtained a default judgment which was subsequently entered on August 2, 1973. Inasmuch as more than one year had elapsed since defendants' default, defendants were entitled to at least five days' notice of the time and place of the motion for judgment (CPLR 3215, subd [f]). Plaintiffs' failure to provide such notice necessitates vacatur of the default judgment. Defendants are required to serve their answer within 20 days of the entry of this order. (Appeal from order of Erie Supreme Court—vacate default judgment.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.

■ Claude O. Horning, Appellant, v State of New York, Respondent.—Judgment unanimously affirmed, without costs, on the opinion at the Court of Claims, Di Iorio, J. (Appeal from judgment of Court of Claims—dismiss claim.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.

■ Le Roy L. Daley, Appellant, v Ann Austin, as Administratrix of the Estate of Elwood Austin, Deceased, Defendant, and Norman S. Curry et al., Respondents.—Order unanimously reversed, without costs, and motion granted. Memorandum: Under the circumstances of this case plaintiff should be permitted to amend his bill of particulars to set forth the integral specification of negligence which he now seeks to include in his bill of particulars. (Appeal from order of Herkimer Supreme Court—bill of particulars.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.

■ Cheryl A. Schuster, an Infant by James H. Schuster, Her Father and Natural Guardian, et al., Appellants, v Leonard Constantine, Respondent.—Order uunanimously reversed, with costs, and motion denied. Memorandum: Approximately 17 months after the filing of a note of issue and statement of readiness, defendant moved on April 27, 1976 to compel disclosure of the names and whereabouts of certain witnesses whose identities the infant plaintiff, Cheryl Ann Schuster, had refused to divulge upon her examination before trial which was held on July 18, 1974. Special Term abused its discretion in granting defendant's motion. It has been clearly announced that pretrial discovery may not be obtained after the filing and serving of a statement of readiness unless the party seeking the discovery moves to vacate the statement of readiness within 20 days of its filing (Uniform Calendar and Practice Rules for the Fourth Department, 22 NYCRR 1024.4; *Marchitelli v Greco Sales & Serv.,* 52 AD2d 746; *Fuoco v Boyle Bros.,* 40 AD2d 943). This rule may not be varied in the absence of "special, unusual or extraordinary circumstances, spelled out factually" *(Price v Brody,* 7 AD2d 204, 206: see, also, *Finn v Crystal Beach Tr. Co.,* 55 AD2d 1001; *Riggle v Buffalo Gen. Hosp.,* 52 AD2d 751, 752). No such circumstances are found here. (Appeal from order of Erie Supreme Court—discovery.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.