PATRICIA A. GIDDENS, Respondent, v ROBERT L. MOULTRIE et al., Appellants, et al., Defendants.—Order reversed, without costs, and motion denied. Memorandum: In this automobile negligence action, plaintiff filed a note of issue and statement of readiness on February 8, 1978. After plaintiff had submitted to an oral examination, the timely motion of defendants Moultrie and Randolph to vacate the note of issue and statement of readiness was withdrawn on March 15, 1978 with plaintiff's knowledge and approval. Immediately thereafter plaintiff moved for an order compelling the attendance of Moultrie and Randolph at an examination before trial. Special Term granted the motion and at the same time, without prejudice, struck the note of issue and statement of readiness. We again state, as we have so often in the past, that a party must move within 20 days to vacate a statement of readiness or he is foreclosed from pretrial discovery (Uniform Calendar and Practice Rules for the Fourth Department, 22 NYCRR 1024.4; *Doll v Kleinklaus,* 66 AD2d 1003; *Schuster v Constantine,* 56 AD2d 737; *Marchitelli v Greco Sales & Serv.,* 52 AD2d 746). To effectuate the purposes of the statement of readiness rule, it must be strictly enforced (*Cerrone v S'Doia,* 11 AD2d 350, 352). The court may exercise its discretion to vary the rule only upon a showing of "special, unusual or extraordinary circumstances, spelled out factually" (*Doll v Kleinklaus, supra,* p 1003; *Schuster v Constantine, supra; Finn v Crystal Beach Tr. Co.,* 55 AD2d 1001; *Riggle v Buffalo Gen. Hosp.,* 52 AD2d 751; *Burnett Process v Richlar Ind.,* 47 AD2d 994; *Fuoco v Boyle Bros.,* 40 AD2d 943; see, also, *Price v Brody,* 7 AD2d 204,

206). Plaintiff has failed to demonstrate the existence of such circumstances. Her reliance upon a claimed agreement between the parties that her right to pretrial discovery would survive the filing of the statement of readiness is without merit. Such an agreement, even where demonstrated, may not be employed to circumvent the rule *(Doll v Kleinklaus, supra; Burnett Process v Richlar Inds., supra; Fuoco v Boyle Bros., supra).* All concur, except Hancock, Jr., and Witmer, JJ., who dissent and vote to affirm the order, in the following memorandum.

Hancock, Jr., and Witmer, JJ. (dissenting). We would not disturb the exercise of the court's discretion in granting the motion. One may reasonably conclude from this record that plaintiff submitted to an examination before trial and consented to the withdrawal of defendants' motion to strike the note of issue believing in good faith that defendants had agreed not to raise the lack of compliance with 22 NYCRR 1024.4 as a bar to plaintiff's right to conduct an examination. Had plaintiff not thought so, she could have avoided the loss of her right to examine defendants by simply refusing to be examined and requiring defendants to proceed with their motion to strike. Defendant Moultrie's refusal to submit an examination without a court order because he had moved to Alabama was certainly not any indication that he intended to invoke the requirements of 22 NYCRR 1024.4 as a complete bar after he had succeeded in obtaining an examination of plaintiff and after the motion to strike had been withdrawn. We believe that the court in its discretion properly ordered the examination to avoid an unfair result in view of the special and unusual circumstances presented (see *Schuster v Constantine,* 56 AD2d 737). (Appeal from order of Monroe Supreme Court—examination before trial.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.