■ JOHN R. DOLL, Individually and as Parent and Natural Guardian of CHRISTOPHER DOLL, an Infant, Respondent, v THOMAS A. KLEINKLAUS, Defendant, and LIVERPOOL CENTRAL SCHOOL DISTRICT No. 1, Appellant.—Order unanimously reversed, without costs, and motion denied. Memorandum: In this long-delayed action, plaintiff filed his original note of issue and statement of readiness in June, 1973. When the case was reached for trial and plaintiff was not ready to proceed, it was placed on the general docket on March 14, 1977. In July, 1977 plaintiff noticed the defendant Liverpool Central School District No. 1 (Liverpool) to produce several persons under its control for examinations before trial. Liverpool refused to comply with the notice and plaintiff, at that juncture, made no effort to compel compliance. Instead, in February, 1978, plaintiff moved to restore the action to the Trial Calendar and Special Term granted such relief "upon the filing * * * of a Note of Issue". On March 30, 1978 plaintiff filed a new note of issue and statement of readiness in which it was again indicated that all examinations before trial and necessary depositions had been completed. Without first moving to vacate the statement of readiness, the plaintiff moved on April 6, 1978 to compel Liverpool to comply with the notice to examine which had

been served in July, 1977. Liverpool appeals from Special Term's order granting the motion, and we reverse. "A party who seeks pretrial discovery subsequent to the filing and serving of a statement of readiness must move to vacate that statement within 20 days of its filing or that party waives its right to such discovery" *(Marchitelli v Greco Sales & Serv.,* 52 AD2d 746, 747; Uniform Calendar and Practice Rules for the Fourth Department, 22 NYCRR 1024.4; *Schuster v Constantine,* 56 AD2d 737). We have repeatedly stated that the rule will not be varied in the absence of "special, unusual or extraordinary circumstances, spelled out factually" *(Schuster v Constantine, supra; Finn v Crystal Beach Tr. Co.,* 55 AD2d 1001; *Riggle v Buffalo Gen. Hosp.,* 52 AD2d 751; *Burnett Process v Richlar Inds.,* 47 AD2d 994; *Fuoco v Boyle Bros.,* 40 AD2d 943; see, also, *Price v Brody,* 7 AD2d 204, 206). To the extent that plaintiff seeks relief on the basis that there was an agreement between the parties that plaintiff's right to the pretrial examination would survive the filing of the statement of readiness, it is without merit. Not only does Liverpool deny the existence of such an agreement but, more significantly, it is well settled that such a private arrangement will not work to circumvent the rule *(Burnett Process v Richlar Inds., supra; Fuoco v Boyle Bros., supra).* Here the plaintiff has failed to demonstrate special, unusual or extraordinary circumstances which would justify his request for discretionary relief. Having twice filed statements indicating that the action is ready for trial, he has waived his right to further discovery. To effectuate the purposes of the statement of readiness rule, it must be strictly enforced *(Cerrone v S'Doia,* 11 AD2d 350, 352). (Appeal from order of Onondaga Supreme Court—examination before trial). Present—Marsh, P. J., Moule, Dillon, Schnepp and Witmer, JJ.