■ ONONDAGA COUNTY WATER AUTHORITY, Respondent, v CITY OF SYRACUSE, Appellant. (Appeal No. 3.)—Order unanimously affirmed. Same memorandum as in *Onondaga County Water Auth. v City of Syracuse* (74 AD2d 733). (Appeal from order of Onondaga Supreme Court—preference.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.

■ NIAGARA FALLS URBAN RENEWAL AGENCY, Appellant, v POMEROY REAL ESTATE CORPORATION et al., Respondents.—Order unanimously reversed, without costs, and motion granted, in accordance with the following memorandum: Plaintiff filed and served a note of issue and statement of readiness in this condemnation action on October 16, 1978. Thereafter, on February 8, 1979 defendants served plaintiff with a notice for an examination before trial. On February 16, 1979 plaintiff moved for a protective order, seeking to vacate the notice on the grounds that the statement of readiness was filed and no action was taken by the defendants to strike the note of issue from the calendar. While this motion was pending, defendants moved for an order directing plaintiff to submit certain appraisals used for the purpose of obtaining funds from the Department of Housing and Urban Development requested in a notice for discovery and inspection dated December 4, 1978. By order dated April 17, 1979 Special Term ordered that defendants be allowed an examination of plaintiff's director or, in the alternative, that plaintiff submit to defendants the appraisal documentation in question. Plaintiff appeals from this order. The order is reversed because defendants did not move to strike the statement of readiness nor commence discovery proceedings within the time requirements set forth in the rules of this Department (22 NYCRR 1024.4, 1024.24). Thus, it is foreclosed from pretrial discovery *(Giddens v Moultrie,* 66 AD2d 993; *Doll v Kleinklaus,* 66 AD2d 1003; *Schuster v Constantine,* 56 AD2d 737; *Marchitelli v Greco Sales & Serv.,* 52 AD2d 796). To effectuate the purposes of the statement of readiness rule, it must be strictly enforced *(Giddens v Moultrie, supra; Cerrone v S'Doia,* 11 AD2d 350). Only where there are present "special, unusual or extraordinary circumstances, spelled out factually," has Special Term discretion to depart from the rule which forecloses discovery proceedings after the statement of readiness has been filed *(Giddens v Moultrie, supra; Doll v Kleinklaus, supra; Schuster v Constantine, supra; Finn v Crystal Beach Tr. Co.,* 55 AD2d 1001; *Riggle v Buffalo Gen. Hosp.,* 52 AD2d 751; *Burnett Process v Richlar Inds.,* 47 AD2d 994; *Fuoco v Boyle Bros.,* 40 AD2d 943). Defendants have failed to demonstrate the existence of such circumstances. Their reliance upon a claimed agreement between the parties that their right to pretrial discovery survived the filing of the statement of readiness is without merit. Such an agreement even where demonstrated may not be employed to circumvent the rule *(Giddens v Moultrie, supra; Doll v Kleinklaus, supra; Burnett Process v Richlar Inds., supra; Fuoco v Boyle Bros., supra).* (Appeal from order of Niagara Supreme Court—discovery.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Moule, JJ.