JOSEPH ALESSI, JR., Respondent, v GENERAL MOTORS CORPORATION, Appellant. — Order affirmed, with costs. All concur, except Simons, J.P., and Moule, J., who dissent and vote to reverse the order and deny the motion in the following memorandum.

Simons, J.P., and Moule, J. (dissenting). This action was commenced in November, 1973. By his complaint, plaintiff seeks to recover for injuries he allegedly sustained in November, 1970 when he was struck by a 1965 Buick automobile manufactured by defendant corporation. He seeks $500,000 compensatory damages, plus lost wages and medical expenses, based upon causes of action sounding in negligence and breach of warranty, express and implied, and $500,000 punitive damages based upon two causes of action asserting defendant "acted with malice, willfullness, fraud and oppression towards the plaintiff, and the public in general". In January, 1977, the cause not having been placed upon the calendar, defendants filed a note of issue containing a certificate of readiness. Thereafter in June, 1977, the case was pretried and finally, in April, 1978, plaintiff moved for an order compelling defendant to submit to an examination before trial. The attorneys agree that they entered into a private agreement concerning discovery and disclosure and that plain-

tiff's counsel failed to move to strike the note of issue relying upon that agreement. There also appears to be no dispute that plaintiff's counsel attempted to obtain disclosure but was unable to do so. Plaintiff has not submitted a brief on this appeal, but his supporting affidavits allege that he made reasonable efforts to complete discovery. Conversely, defendant's counsel denies that plaintiff's counsel has done so. Whatever frustrations plaintiff encountered in his preparation, it does not appear that counsel moved to strike the note of issue or asked for the court's assistance in compelling disclosure until eight years after suit was commenced and 15 months after the case was placed upon the Trial Calendar. We have repeatedly held that a statement of readiness must be strictly enforced and that, absent extraordinary circumstances, no further discovery will be permitted after the statement has been filed (see 22 NYCRR 1024.4; *Giddens v Moultrie,* 66 AD2d 993; *Doll v Kleinklaus,* 66 AD2d 1003; *Schuster v Constantine,* 56 AD2d 737; *Finn v Crystal Beach Tr. Co.,* 55 AD2d 1001; *Riggle v Buffalo Gen. Hosp.,* 52 AD2d 751; *Burnett Process v Richlar Inds.,* 47 AD2d 994; *Fuoco v Boyle Bros.,* 40 AD2d 943). Moreover, private agreements entered into between the attorneys for the parties do not constitute extraordinary circumstances *(Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp.,* 74 AD2d 734, app dsmd 50 NY2d 842; *Doll v Kleinklaus, supra; Giddens v Moultrie, supra; Schuster v Constantine, supra; Marchitelli v Greco Sales & Serv.,* 52 AD2d 746; *Burnett Process v Richlar Inds., supra).* This case is a perfect illustration of why that must be the rule and why the rule must be enforced if Trial Calendars are to have any integrity. This case involves an accident occurring 11 years ago, allegedly caused by a product manufactured 16 years ago. It has been upon the Trial Calendar, presumably ready for trial, for over four and one-half years. Only now are pretrial issues concerning discovery being resolved and they are being resolved in the appellate courts by subjective evaluation of the conflicting assertions in the attorneys' affidavits. Ultimately, the burden of moving an action forward must rest upon the party who brings it. If his opponent fails to comply with reasonable pretrial procedures, the CPLR provides the means for judicial assistance in enforcing compliance with the rules and resolving good faith disputes as to what is permitted. Attorneys may forego the assistance provided by the CPLR and rely upon private agreements or the good faith of opposing counsel, but if they do so, they necessarily must accept the responsibility if their reliance is misplaced and they are subsequently held to have waived their rights. Any other rule is intolerable in this day of crowded court calendars. In our view, the order should be reversed and plaintiff's motion for discovery denied. (Appeal from order of Chautauqua Supreme Court, Cass, J. — disclosure.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.