■ KENNETH T. BLONDELL, Appellant, v DAVID MALONE, Respondent. — Order unanimously reversed, with costs, and motion denied. Memorandum: On the eve of trial and more than eight months after the statement of readiness had been filed by plaintiff, defendant moved for an adjournment of the trial and for an order permitting him to conduct discovery proceedings. The motion was granted and plaintiff appeals. We reverse. This court has repeatedly held that a statement of readiness must be strictly enforced and that, absent extraordinary circumstances, no further discovery will be permitted after the statement is filed (*Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp.*, 74 AD2d 734, app dsmd 50 NY2d 842; *Giddens v Moultrie*, 66 AD2d 993; *Doll v Kleinklaus*, 66 AD2d 1003; *Schuster v Constantine*, 56 AD2d 737; *Finn v Crystal Beach Tr. Co.*, 55 AD2d 1001; *Riggle v Buffalo Gen. Hosp.*, 52 AD2d 751; *Burnett Process v Richlar Inds.*, 47 AD2d 994; *Fuoco v Boyle Bros.*, 40 AD2d 943). In his affidavit in support of the motion, defendant's attorney stated that plaintiff's counsel improperly filed the statement of readiness and served it upon defendant's attorney after defendant's attorney had been granted permission by the court to withdraw, but before the order permitting withdrawal had been entered. This order was subsequently revoked and the original attorney of record still represents defendant. The record shows otherwise. The certificate of readiness was filed and served more than two months before the service of the notice of motion to withdraw. The record further shows that defendant's attorney, before the statement of readiness was filed, notified plaintiff's attorney that the defendant "was going to retain another attorney" and he would not be representing the defendant. Nevertheless, defendant's counsel did nothing to seek permission to withdraw or to substitute attorneys until more than six months later. On the appeal, defendant's attorney, citing CPLR 321 (subd [c]), claims that the filing and service of the statement of readiness was improper since it was filed and served after he had removed himself as attorney for defendant. We find this argument without merit. CPLR 321 (subd [c]) provides that if an attorney dies or becomes physically incapacitated or is removed, no further proceeding shall be taken

against his client, without leave of the court, until 30 days after notice to appoint another attorney has been served upon the client. This subdivision does not apply to the removal of an attorney from the case when the removal is caused by the voluntary act of the attorney or client or both. Until the attorney of record is removed by court order or by stipulation for change of attorneys (CPLR 321, subd [b]), as to adverse parties, his authority as attorney for his client continues (*Hendry v Hilton,* 283 App Div 168, 171-172; *Davalos v Davalos,* 283 App Div 699). (Appeal from order of Supreme Court, Wayne County, Rosenbloom, J. — discovery.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.