■ GEORGIA GRAY, Appellant, v CROUSE-IRVING MEMORIAL HOSPITAL, INC., et al., Respondents. GEORGIA GRAY, Appellant, v SIDNEY LIPMAN, Respondent. — Order unanimously reversed, without costs; defendants' motion and cross motions denied; plaintiff's cross motion for a protective order granted, but in all other respects plaintiff's cross motion denied. Memorandum: This is a medical malpractice action. On September 30, 1982, at least three defendants served upon plaintiff a written demand to file a notice of issue within 90 days (CPLR 3216, subd [b], par [3]). Plaintiff filed and served the note of issue and statement of readiness on November 2, 1982. Thereafter, counsel for the same three defendants requested that plaintiff submit to a physical examination. Plaintiff's counsel agreed, on condition that the examination be video and audio recorded, and that an administrator of defendant hospital be made available for deposition. Defendants' counsel refused to consent to the recording, and either by motion or cross motion, five defendants sought an order compelling plaintiff to submit to a physical examination. Plaintiff cross-moved for an order allowing the examination to be recorded or, in the alternative, for a protective order. Plaintiff also sought an order directing that an administrator of defendant hospital appear for deposition. Special Term granted the motion and cross motions for a physical examination of plaintiff,

denied the motion to record the examination, and directed that plaintiff be permitted to depose a hospital administrator.

On appeal, the parties seek resolution of the issue of whether plaintiff's attorney should be permitted to audio record the physical examination of plaintiff by defendants' doctor. We decline to reach that issue since to do so would sanction the parties' clear contravention of this department's Uniform Calendar and Practice Rules.

In order to place a case upon the Trial Calendar, it is necessary that a note of issue and statement of readiness be filed (22 NYCRR 1024.4 [a]). "The filing of a note of issue or a demand for such filing is tantamount to asserting that all pretrial proceedings have been completed and that the case is in a trial posture." (*Siragusa v Teal's Express,* 96 AD2d 749, 750.) By demanding pursuant to CPLR 3216 that plaintiff file a note of issue, the demanding defendants waived their right to a physical examination of plaintiff (*Siragusa v Teal's Express, supra; Cerrone v S'Doia,* 11 AD2d 350, 352; see *MacLeod v Nolte,* 106 AD2d 860). By filing the note of issue and certificate of readiness, plaintiff waived her right to further discovery (*Siragusa v Teal's Express, supra; Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp.,* 74 AD2d 734, app dsmd 50 NY2d 842; *Riggle v Buffalo Gen. Hosp.,* 52 AD2d 751, 752; *Fuoco v Boyle Bros.,* 40 AD2d 943; *Belski v New York Cent. R. R.,* 38 AD2d 882; *Morrison v Sam Snead Schools,* 13 AD2d 986).

Those defendants who did not serve a demand pursuant to CPLR 3216 are similarly foreclosed. They did not timely move to strike the case from the calendar (22 NYCRR 1024.4 [e]; *Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp., supra; Giddens v Moultrie,* 66 AD2d 993; *Doll v Kleinklaus,* 66 AD2d 1003; *Price v Brody,* 7 AD2d 204), nor did they or any of the other parties demonstrate special, unusual or extraordinary circumstances to justify a departure from the rule foreclosing further discovery after the statement of readiness has been filed (*Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp., supra; Giddens v Moultrie, supra; Shuster v Constantine,* 56 AD2d 737; *Finn v Crystal Beach Tr. Co.,* 55 AD2d 1001; *Riggle v Buffalo Gen. Hosp., supra; Burnett Process v Richlar Inds.,* 47 AD2d 994; *Fuoco v Boyle Bros., supra; Price v Brody, supra*). It follows, therefore, that none of the parties is entitled to further discovery and thus Special Term erred in granting the relief.

Finally, we again state, as we have so often in the past, that the parties may not enter into agreements to circumvent this department's calendar rules (see, e.g., *Niagara Falls Urban*

*Renewal Agency v Pomeroy Real Estate Corp., supra; Burnett Process v Richlar Inds., supra; Morrison v Sam Snead Schools,* 13 AD2d 986, *supra).* (Appeal from order of Supreme Court, Onondaga County, McLaughlin, J. — compel physical examination.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.