■ Edwin I. Siegel et al., Respondents, v Andrew Obes, Respondent, and Omni Industries Corporation, Appellant.— Renewed motion by petitioner to dismiss an appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Oppido, J.), dated October 18, 1983, in the above-entitled action, on the ground that the notice of appeal was not timely served.

Motion granted and appeal dismissed, without costs or disbursements.

Under CPLR 5513 (a), an appeal as of right must be taken, that is, a notice of appeal must be served and filed (CPLR 5515), within 30 days after service, inter alia, upon the appellant of a copy of the judgment or order appealed from, together with notice of entry. If service is by mail, this time period is extended by five days (CPLR 2103 [b] [2]). Service of a copy of such an order or judgment by mail is adequate for purposes of CPLR 5513 (a), unless the order or judgment specifically requires service by a certain method in order to commence the running of the 30-day period under CPLR 5513 (a) (see, CPLR 2103; 4A CJS, Appeal & Error, § 447; Anthony v Schofield, 265 App Div 423). The requirement of personal service contained in the instant order and judgment relates solely to the enforceability thereof. Thus, service by mail upon appellant's attorney was adequate for the purposes of giving

notice under CPLR 5513 (a). In any event, the appellant was personally served by reason of personal service on Obes, who was chairman of the board of directors of the appellant. While the record indicates that he resigned as an officer, there is nothing in the record referring to his resignation as chairman of the board. We note that Obes was served both as an individual and as a corporate representative.

Furthermore, service upon appellant's attorney of record subsequent to the time that appellant allegedly discharged him, but prior to his discharge in the mode prescribed by law, was adequate to fulfill the requirements of CPLR 2103 (b) (*see, Blondell v Malone,* 91 AD2d 1201; *Hendry v Hilton,* 283 App Div 168).

Finally, the extension of time within which to serve and file a notice of appeal provided by CPLR 5514 (b) does not apply to the voluntary discharge of an attorney by his client (*Hendry v Hilton, supra; cf. Blondell v Malone, supra; Davalos v Davalos,* 283 App Div 699, *lv denied* 283 App Div 783).

Appellant having failed to file its notice of appeal within 35 days after service by mail of a copy of the order and judgment, with notice of entry, upon its attorney, this court is without the power to hear its appeal (*cf. Hecht v City of New York,* 60 NY2d 57). Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.