Deutsche Bank Natl. Trust Co. v Pulver (2022 NY Slip Op 07376)

Deutsche Bank Natl. Trust Co. v Pulver

2022 NY Slip Op 07376

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, WINSLOW, AND BANNISTER, JJ.

885 CA 21-01243

[*1]DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2007-1, PLAINTIFF-APPELLANT,
v
JEFFREY PULVER, ALSO KNOWN AS JEFFREY W. PULVER, WENDY A. PULVER, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

ROBERTSON ANSCHUTZ SCHNEID CRANE & PARTNERS, PLLC, WESTBURY (JOSEPH F. BATTISTA OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., GENEVA (JAMIE ROBBINS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, J.), entered June 9, 2021. The order granted the motion of defendants Jeffrey Pulver, also known as Jeffrey W. Pulver, and Wendy A. Pulver to dismiss the complaint pursuant to CPLR 3216. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In 2007, Jeffrey Pulver, also known as Jeffrey W. Pulver, and Wendy A. Pulver (defendants) executed a note secured by a mortgage on their primary residence. They ceased making payments on the note in the following year, and in 2010 plaintiff commenced this mortgage foreclosure action. Defendants filed a timely answer. In 2014, plaintiff filed a consent to change attorney form, indicating that its attorney of record would be Clarfield, Okon, Salomone & Pincus, P.L. (COSP). No further action was taken by the parties until September 2019, when defendants filed a "Demand for Resumption of Prosecution of Action and Note of Issue" pursuant to CPLR 3216 (demand). Defendants' attorney states that she sent copies of the demand via certified mail to COSP at the address listed on the consent to change attorney form; to COSP at an address listed on an item of mail that COSP had sent to defendants; and to a law firm that she believed may have merged with COSP. The mail that defendants' attorney sent to COSP at the first address was returned, but the other two items were delivered. It is undisputed that at the time the demand was filed COSP had dissolved. It is also undisputed that, although a different law firm had received the file in 2016, the new attorney did not file a notice of appearance and neither law firm filed any paperwork that would have alerted defendants to a change in plaintiff's attorney of record.
Two months after the demand was filed, plaintiff, through the new attorney, filed a notice of pendency on the mortgaged property, and subsequently plaintiff filed a request for judicial intervention. Defendants moved to dismiss the complaint pursuant to CPLR 3216, for failure to prosecute. Supreme Court granted the motion. Plaintiff appeals and we now affirm.
Plaintiff contends that the court erred in granting the motion because defendants knew that COSP was no longer in existence and had a duty to investigate and to serve a notice on plaintiff to appoint another attorney (see CPLR 321 [c]). Defendants respond that CPLR 321 (b) (Change or withdrawal of attorney) governs, instead of CPLR 321 (c), because COSP withdrew. We conclude that plaintiff's contention is unpreserved for our review (see Telmark, Inc. v Mills, 199 AD2d 579, 580 [3d Dept 1993]). In any event, we reject the contention on the merits. Even [*2]assuming, arguendo, that CPLR 321 (c) applies where, as here, the attorney has voluntarily withdrawn as counsel (cf. Blondell v Malone, 91 AD2d 1201, 1201-1202 [4th Dept 1983]; Hendry v Hilton, 283 App Div 168, 171 [2d Dept 1953]; see generally Matter of Cassini, 182 AD3d 13, 46 [2d Dept 2020]), we conclude that the statute does not apply under the circumstances of this case inasmuch as plaintiff "retain[ed] new counsel at its own initiative" approximately three years before the demand was filed (Wells Fargo Bank, N.A. v Kurian, 197 AD3d 173, 177 [2d Dept 2021]).
Plaintiff further contends that defendants violated the stay provisions of 22 NYCRR 202.12-a (c) (7) when they filed their motion to dismiss after plaintiff filed the request for judicial intervention (see also CPLR 3408 [n]) and that defendants failed to establish that the demand was ever actually served because there is no affidavit of service or evidence concerning the contents of the envelopes that were sent by certified mail. Those contentions are not properly before us inasmuch as they are being raised for the first time on appeal (see U.S. Bank N.A. v Seepersaud, 207 AD3d 499, 501 [2d Dept 2022]; Brandywine Pavers, LLC v Bombard, 108 AD3d 1209, 1210 [4th Dept 2013]).
In any event, plaintiff's contention lacks merit. Contrary to plaintiff's contention, an affidavit of service was not required because defendants' attorney provided sworn statements that she personally performed the statutory requirements for service. CPLR 3216 requires only that the written demand be "served . . . by registered or certified mail" (CPLR 3216 [b] [3]). We conclude that defendants met their burden of establishing strict compliance with CPLR 3216 (see generally Frank L. Ciminelli Constr. Co. v City of Buffalo, 110 AD2d 1075, 1076 [4th Dept 1985], appeal dismissed 65 NY2d 1053 [1985]).
Plaintiff contends that it established a justifiable excuse for its failure to respond to defendants' CPLR 3216 demand, in that defendants did not serve the demand on plaintiff's new attorney. We reject that contention. It is well settled that an adverse party is entitled to treat a party's attorney of record as an authorized agent until the formalities of CPLR 321 (b) have been satisfied (see Blondell, 91 AD2d at 1202; Hendry, 283 App Div at 171-172). In the absence of the filing of a consent signed by the retiring attorney and party or an order of the court, "service of papers upon the attorney [of record] is service upon the party and, as to adverse parties, the authority of the attorney of record continues unabated" (Hess v Tyszko, 46 AD2d 980, 980 [3d Dept 1974]). Where, as here, the demand "was properly mailed to and received by [the] attorney of record," there is no justifiable excuse for a plaintiff's delay in responding to the demand (Pavilion Park Slope Cinemas 9, LLC v Pro Century Corp., 186 AD3d 1389, 1390 [2d Dept 2020]; see Kushmakova v Meadow Park Rehabilitation & Health Care Ctr., LLC, 56 AD3d 434, 436 [2d Dept 2008]).
Although plaintiff correctly contends that courts "retain[] some discretion to deny a motion to dismiss, even when [a] plaintiff fails to comply with [a demand under CPLR 3216] and proffers an inadequate excuse for the delay" (Baczkowski v Collins Constr. Co., 89 NY2d 499, 504 [1997]), "this discretion should be exercised sparingly to honor the balance struck by the generous statutory protections already built into CPLR 3216" (id.). Here, given plaintiff's "persistent neglect" and its failure to notify defendants of a change in counsel for over three years after the new attorney received the file, we conclude that the court properly exercised its discretion in granting defendants' motion (id. at 503).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court