■ In the Matter of ANTHONY F., a Person Alleged to be a Juvenile Delinquent, Respondent. [624 NYS2d 964] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the presentment agency appeals from an order of the Family Court, Kings County (Palmer, J.), dated May 6, 1993, which dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

Under the circumstances of this case, we find that the Family Court improperly dismissed the juvenile delinquency petition since the presentment agency demonstrated on the record that special circumstances existed to warrant a brief adjournment (Family Ct Act § 340.1 [6]; *see, Matter of Carlos T.,* 187 AD2d 38; *cf., Matter of Nakia L.,* 81 NY2d 898). Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.

■ In the Matter of GEORGE P. FROOKS, Appellant, v CHARLES J. ADAMS, as Executive Director of the Office of Professional Discipline of the New York State Education Department, Respondent. [624 NYS2d 964] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Office of Professional Discipline of the New York State Education Department to further investigate and to prosecute a complaint alleging professional misconduct against Vincent F. Nyberg, a licensed engineer and architect, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Scarpino, J.), entered November 30, 1993, which, upon granting the respondent's motion to dismiss the proceeding, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The respondent investigated the petitioner's complaint pursuant to the requirements set forth in Education Law § 6510 (1) (b). Its determination that no violations had occurred is a discretionary one for which review in a proceeding in the nature of mandamus is unavailable *(see, Matter of Mullen v Axelrod,* 74 NY2d 580). Sullivan, J. P., Copertino, Pizzuto and Krausman, JJ., concur.