■ THOMAS H. COTTRELL, Appellant, v CHRISTOPHER R. SPINA et al., Respondents. [626 NYS2d 334] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We reject defendants' contention that, because the previous order of Supreme Court constituted the law of the case, the order appealed from is not appealable. The later order granted defendants new relief and did not alter an issue judicially determined; therefore, the doctrine of the law of the case does not apply *(see, Martin v City of Cohoes,* 37 NY2d 162, 165, *rearg denied* 37 NY2d 817).

Likewise, there is no merit to defendants' contention that the order directing plaintiff to produce his unredacted personal income tax returns is not appealable because it does not affect a substantial right within the meaning of CPLR 5701 (a) (2) (v) *(see generally, Lauer's Furniture Stores v Pittsford Place Assocs.,* 190 AD2d 1054; *Supama Coal Sales Co. v Jackson,* 186 AD2d 1052; *Niagara Falls Urban Renewal Agency v Friedman,* 55 AD2d 830).

The court abused its discretion in requiring plaintiff to produce his unredacted income tax returns six months after the note of issue and statement of readiness were filed. "[A]bsent special, unusual or extraordinary circumstances spelled out factually, the motion court lacks discretion to permit further discovery after the note of issue and statement of readiness have been filed [citations omitted]" *(Gould v Marone, 197 AD2d 862; see, Laudico v Sears, Roebuck & Co., 125 AD2d 960, 961; Gray v Crouse-Irving Mem. Hosp., 107 AD2d 1038, 1039).* Defendants failed to make a showing that "special, unusual or extraordinary circumstances" existed that would merit further discovery *(Gould v Marone, supra, at 862).*

The court erred in requiring disclosure of plaintiff's unredacted income tax returns for the further reason that defendants "failed to make the requisite showing that [the] tax returns were indispensable to [the] litigation and that relevant information possibly contained therein was unavailable from other sources [citations omitted]" *(Lauer's Furniture Stores v Pittsford Place Assocs., supra, at 1055).*

We, therefore, modify the order on appeal by vacating the first ordering paragraph. (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Discovery.) Present—Denman, P. J., Lawton, Wesley, Doerr and Boehm, JJ.