■ CARMEN ARMATYS, Individually and as Administratrix of the Estate of THADDEUS ARMATYS, JR., Deceased, Respondent, v JOHN EDWARDS, as Public Administrator of the Estate of WILLIAM P. HARLOFF, JR., Deceased, Defendant, and ABC PAVING Co., INC., et al., Appellants. [646 NYS2d 65] —Amended order unanimously reversed on the law without costs, motion granted and complaint and cross claims against defendants ABC Paving Co., Inc., and Gateway Trade Center, Inc., dismissed. Memorandum: Supreme Court erred in denying the motion of ABC Paving Co., Inc., and Gateway Trade Center, Inc. (defendants),

for summary judgment dismissing the complaint against them. In support of their motion, defendants submitted proof in evidentiary form establishing that the motor vehicle accident was not caused by any condition or act for which they might be held responsible, and plaintiff failed to raise an issue of fact. The speculation of plaintiff's attorney that further discovery would yield factual issues precluding summary judgment is insufficient to defeat defendants' motion (*see, Penn Iron & Metal Co. v Gross*, 192 AD2d 1059, 1060; *Levy, King & White Adv. v Gallery of Homes,* 177 AD2d 967, 967-968).

Our conclusion that defendants are not liable to plaintiff as a matter of law necessarily defeats the cross claims for contribution asserted against them by defendant John Edwards, requiring dismissal of those cross claims (*see, Stone v Williams*, 64 NY2d 639, 642; *Mohawk Intl. v Zangrilli*, 161 AD2d 1169).

We note that the court abused its discretion in vacating *sua sponte* plaintiff's note of issue and statement of readiness to allow plaintiff further discovery. "[A]bsent special, unusual or extraordinary circumstances spelled out factually, the motion court lacks discretion to permit further discovery after the note of issue and statement of readiness have been filed" (*Gould v Marone*, 197 AD2d 862; *see, Cottrell v Spina*, 214 AD2d 946, 947; *see also, Nowak v Sherman*, 198 AD2d 842). Plaintiff's contention that defendants' attorney agreed to continue discovery after plaintiff filed the note of issue has no support in the record. In any event, an agreement by the parties to conduct further discovery does not constitute a "special, unusual or extraordinary circumstance[ ]" (*Gould v Marone, supra*, at 862; *see, Gray v Crouse-Irving Mem. Hosp.*, 107 AD2d 1038, 1039-1040; *Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp.*, 74 AD2d 734, *appeal dismissed* 50 NY2d 842). (Appeal from Amended Order of Supreme Court, Erie County, Wolf, Jr., J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.