■ NAVADA E. ROGERS, Individually and as Parent and Natural Guardian of ASHLEY LEE, an Infant, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [752 NYS2d 773] —Appeal from an order of Supreme Court, Erie County (Glownia, J.), entered November 19, 2001, which, inter alia, denied without prejudice to renew defendant's cross motion to dismiss plaintiffs' renewed application for leave to proceed with an action against defendant under Insurance Law § 5218.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is granted and the renewed application is dismissed.

Memorandum: Defendant appeals from an order denying its

cross motion to dismiss plaintiff's renewed application for leave to proceed with an action against it under Insurance Law § 5218. Contrary to plaintiff's contention, the order is appealable as of right because it affects a substantial right of defendant (*see* CPLR 5701 [a] [2] [v]), despite the fact that Supreme Court denied the cross motion without prejudice to renew (*see* *Quinn v Broder*, 225 AD2d 1110; *Venetucci v Venetucci*, 151 AD2d 472).

We conclude that the court erred in denying defendant's cross motion. Pursuant to Insurance Law § 5218, an action may be brought directly against defendant when a person has been injured by an automobile and the identity of the motor vehicle and the operator and owner of the motor vehicle cannot be ascertained or the motor vehicle was used without the owner's consent by a person whose identity cannot be ascertained. Here, the identities of the owner and operator are known, and thus Insurance Law § 5218 does not apply (*see* *Matter of Brandon v Motor Veh. Acc. Indem. Corp.*, 233 AD2d 604). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.