GLORIA ALLEN, et al., Respondents, v GENERAL ELECTRIC COMPANY et al., Appellants. [782 NYS2d 330]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered December 31, 2003. The order denied defendants' motion for severance of plaintiffs' claims.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this mass tort litigation brought on behalf of individuals allegedly injured in person and property as a result of contamination by toxic chemicals allegedly discharged into the environment from a manufacturing plant operated by defendants, defendants appeal from an order denying, without prejudice to renew, their motion pursuant to CPLR 603 to sever the respective claims of the remaining 95 plaintiffs for separate trials. Contrary to plaintiffs' contention, we conclude that the order is appealable pursuant to CPLR 5701 (a) (2) (v) (*see Scalp & Blade v Advest, Inc.,* 309 AD2d 219, 224-225 [2003]; *Cottrell v Spina,* 214 AD2d 946 [1995]), notwithstanding that the motion was denied without prejudice to renew (*see Gruet v Care Free Hous. Div. of Kenn-Schl Enters.,* 305 AD2d 1060 [2003]; *Rogers v Motor Veh. Acc. Indem. Corp.,* 300 AD2d 1000, 1001 [2002]). Contrary to defendants' contention, however, we conclude that Supreme Court did not abuse its discretion in denying the motion to sever (*see generally Rapini v New Plan Excel Realty Trust,* 8 AD3d 1013 [2004]; *Finning v Niagara Mohawk Power Corp.,* 281 AD2d 844, 844-845 [2001]) but instead appropriately exercised its discretion in denying the motion until the record is more fully developed with regard to the commonalities and unique elements of the various claims of the various plaintiffs. We agree with the court that, once discovery is completed and the facts and issues are fully brought to light, the court can more intelligently exercise its discretion in deciding whether and to what extent to sever the various claims for trial. Present—Pine, J.P., Kehoe, Martoche and Lawton, JJ.