■ CHANNEL CHIROPRACTIC, P.C., et al., Appellants, v COUNTRY-WIDE INSURANCE COMPANY, Respondent. [831 NYS2d 397]—

Order, Supreme Court, New York County (Debra A. James, J.), entered November 9, 2005, which granted defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint and denied plaintiffs' cross motion for summary judgment and to amend the complaint, unanimously affirmed, without costs.

In their cross motion, plaintiffs never sought leave to amend the complaint to plead the essential elements of a cause of action to recover no-fault benefits for specific claims, or to replead the class action. Therefore, their argument for the right to replead is not properly before this Court. In any event, since the complaint and any proposed amendment were based on the same defective legal theory, the court did not err in dismissing the complaint for failure to state a cause of action and denying leave to amend because the "insufficiency or lack of merit is

clear and free from doubt" (*Noanjo Clothing v L & M Kids Fashion*, 207 AD2d 436, 437 [1994]).

The court properly found that nurses' reviews denying no-fault claims for lack of medical necessity were not per se invalid, since a nurse's peer review may be competent to establish the admissibility of the medical opinions and conclusions provided that the reviewer's training, observations and actual experience to render such opinions are sufficiently set forth (*see People v Lewis*, 16 AD3d 173 [2005], *lv denied* 4 NY3d 888 [2005]; *Patil v Countrywide Ins. Co.*, 11 Misc3d 130[A], 2006 NY Slip Op 50306[U] [App Term 2006]).

We have considered plaintiffs' remaining arguments and find them without merit. Concur—Andrias, J.P., Saxe, Sullivan, Gonzalez and McGuire, JJ.