■ COUNTRYWIDE INSURANCE COMPANY, Appellant, v 563 GRAND MEDICAL, P.C., as Assignee of ROBERT ALFORD, Respondent. [855 NYS2d 439]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered January 30, 2007, awarding defendant the principal sum of $12,638.96, and bringing up for review an order, same court and Justice, entered May 25, 2006, which

granted defendant's motion for summary judgment on its claim for first-party no-fault insurance benefits, and an order, same court and Justice, entered May 30, 2006, which in effect granted plaintiff's motion for reargument and, upon reargument, adhered to its prior determination, unanimously reversed, on the law, without costs, the judgment vacated, and defendant's motion for summary judgment denied. Appeal from the order entered May 30, 2006 unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendant medical provider established prima facie its entitlement to judgment as a matter of law by demonstrating that the necessary billing documents were mailed to and received by plaintiff insurer and that payment of the no-fault benefits was overdue (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; *New York & Presbyt. Hosp. v Countrywide Ins. Co.*, 44 AD3d 729, 730 [2007]). However, in opposition to the motion, plaintiff raised a triable issue of fact whether the claimed benefits were properly denied for lack of medical justification. Plaintiff was not required to set forth the medical rationale in the prescribed denial of claim form (*see A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co.*, 39 AD3d 779 [2007]). Nor is a nurse's review denying no-fault claims for lack of medical necessity per se invalid (*see Channel Chiropractic, P.C. v Country-Wide Ins. Co.*, 38 AD3d 294, 295 [2007]).

Plaintiff waived its objection to defendant's standing (*see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 9 NY3d 312, 320 [2007]). Concur—Saxe, J.P., Sweeny, McGuire and Acosta, JJ.