Appeal and cross appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered February 14, 2008 in a personal injury action. The order granted in part the motion of plaintiff to compel further disclosure.
It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and as modified the order is affirmed without costs.
Memorandum: Defendants appeal and plaintiff cross-appeals from an order that granted in part plaintiffs motion to compel further disclosure. We agree with defendants that Supreme Court erred in failing to deny the motion in its entirety, and we therefore modify the order accordingly. Plaintiff made the motion after filing a note of issue, and “[t]his Court has repeatedly stated that, absent special, unusual or extraordinary circumstances spelled out factually, the motion court lacks discretion *1265 to permit further discovery after the note of issue and statement of readiness have been filed” (Gould v Marone, 197 AD2d 862 [1993]; see Laudico v Sears, Roebuck & Co., 125 AD2d 960, 961 [1986]; Gray v Crouse-Irving Mem. Hosp., 107 AD2d 1038, 1039 [1985]). Contrary to plaintiff’s contention, neither an agreement between the parties to conduct further discovery nor the fact that further discovery was indeed conducted after the note of issue was filed constitutes a special, unusual, or extraordinary circumstance (see Amherst Magnetic Imaging Assoc. v Community Blue, HMO of Blue Cross of W. N.Y., 262 AD2d 1082 [1999]; Armatys v Edwards, 229 AD2d 906 [1996]). In light of our decision, we need not address the parties’ remaining contentions. Present—Martoche, J.P., Smith, Centra, Peradotto and Pine, JJ.