■ ANNE HUNOLD, Individually and as Executrix of ANNE COOK, Deceased, et al., Respondents, v COMMUNITY GENERAL HOSPITAL OF GREATER SYRACUSE et al., Defendants. NEW YORK STATE DEPARTMENT OF HEALTH, Appellant. (Appeal No. 1.) [876 NYS2d 828]—

Appeal, by permission of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an or-

der of the Supreme Court, Onondaga County (John C. Cherundolo, J.), entered July 8, 2008. The order granted plaintiffs' motion and directed New York State Department of Health to produce certain documents.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the judicial subpoena duces tecum dated May 15, 2008 is quashed.

Memorandum: Plaintiffs, individually, and plaintiff Anne Hunold, as executrix of the estate of Anne Cook (decedent), commenced this action seeking damages arising from the alleged negligent diagnosis and treatment of decedent by defendants. The record establishes that an investigation into the circumstances of decedent's death was conducted by an agency of nonparty appellant, New York State Department of Health (DOH), i.e., the Office of Professional Medical Conduct (OPMC), but that the Board for Professional Medical Conduct (Board) did not convene to discuss the case.

During the discovery phase of the instant litigation, plaintiffs moved to compel DOH to produce a privilege log and materials allegedly contained in its investigation files for an in camera review. Upon the default of DOH, Supreme Court granted plaintiffs' motion and issued a judicial subpoena duces tecum for the production of the documents in DOH's possession concerning the care and treatment of decedent, all materials relating to the investigation conducted by DOH into the circumstances of decedent's death, and a "log of all materials claimed by [DOH] to be privileged." The order on appeal, which was intended to replace the prior default order, recites that defendants and DOH appeared by counsel and that, following oral argument, DOH "shall produce all statements made by the defendants . . . in connection with any inquiry into the care and treatment of [decedent], whether verbal or in writing," and all notes of such statements. Initially, we reject plaintiffs' contention that DOH has improperly appealed from a default order. As previously noted, the record establishes that the court intended to replace the prior default order with the subsequent order on appeal, which was not a default order.

On the merits, however, we conclude that the court erred in compelling DOH to produce documents allegedly containing statements of defendants collected during the investigation phase of OPMC's inquest into the alleged misconduct with respect to decedent. Pursuant to Public Health Law § 230 (10) (a) (v), the files of OPMC concerning possible instances of professional misconduct are confidential, subject to exceptions that

are not applicable here. Although "[t]he prohibition relating to discovery of testimony shall not apply to the statements made by any person in attendance at [a meeting of the Board] who is a party to an action . . . the subject matter of which was reviewed at such meeting" (§ 230 [9]), DOH established that the Board never convened on this matter, and plaintiffs failed to raise an issue of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Thus, we conclude that the material ordered to be produced pursuant to the judicial subpoena duces tecum is not discoverable as a matter of law. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.