■ SUNSHINE IMAGING ASSOCIATION/WNY MRI, as Assignee of CAROL L. VANCHERI and Others, Appellant, v GOVERNMENT

Employees Insurance Company, Also Known as "GEICO," Respondent. [885 NYS2d 557]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered July 25, 2008. The order denied plaintiff's motion for summary judgment and granted defendant's motion to sever the causes of action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, as assignee of 14 patients to whom it provided radiological services, commenced this action seeking to recover no-fault benefits pursuant to the contract between each patient and defendant insurer. We conclude that Supreme Court properly denied plaintiff's motion for summary judgment on the amended complaint. Although plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence that the prescribed statutory billing forms were received by defendant and that defendant's payment of no-fault benefits to plaintiff was overdue (*see A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co.*, 39 AD3d 779, 780 [2007]; *LMK Psychological Servs., P.C. v Liberty Mut. Ins. Co.*, 30 AD3d 727, 728 [2006]), defendant raised a triable issue of fact by submitting its denial of claim forms setting forth that the services for which plaintiff sought to recover no-fault benefits were not medically necessary (*see Countrywide Ins. Co. v 563 Grand Med., P.C.*, 50 AD3d 313, 314 [2008]; *A.B. Med. Servs., PLLC*, 39 AD3d at 780-781). Contrary to plaintiff's contention, defendant is not precluded from denying the claims after the services were rendered on the ground of lack of medical necessity. Plaintiff's assignors were entitled only to reimbursement for medically "necessary" expenses (Insurance Law § 5102 [a] [1]; *see* 11 NYCRR 65-1.1 [d]), and plaintiff assignee is subject to that lack of medical necessity defense (*see Long Is. Radiology v Allstate Ins. Co.*, 36 AD3d 763, 765 [2007]).

Contrary to plaintiff's further contention, the court did not abuse its discretion in granting defendant's motion to sever the 14 causes of action. "The decision whether to grant severance 'rests soundly in the discretion of the trial court and, on appeal, will be affirmed absent a demonstration of abuse of discretion or prejudice to a substantial right' " (*Rapini v New Plan Excel Realty Trust, Inc.*, 8 AD3d 1013, 1014 [2004]; *see Soule v Norton*, 299 AD2d 827, 828 [2002]). Although this action was commenced "by a single assignee against a single insurer and all [causes of action] allege the erroneous nonpayment of no-fault benefits . . . , they arise from [14] different automobile ac-

cidents on various dates in which the [14] unrelated assignors suffered diverse injuries and required different medical treatment" (*Poole v Allstate Ins. Co.*, 20 AD3d 518, 519 [2005]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.