# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1037

CA 14-00223

PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

BEVERLY A. KIRBY, INDIVIDUALLY AND AS
EXECUTRIX OF THE ESTATE OF RICHARD C. KIRBY,
DECEASED, PLAINTIFF,

                    V                           MEMORANDUM AND ORDER

KENMORE MERCY HOSPITAL, CATHOLIC HEALTH
SYSTEMS, INC., DEFENDANTS-RESPONDENTS,
FARIDA BARODAWALA, M.D., ANESTHESIA CONSULTANT
ASSOCIATES, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

RICOTTA & VISCO, BUFFALO (TOMAS J. CALLOCCHIA OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

DAMON MOREY LLP, BUFFALO (JULIE M. BARGNESI OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

    Appeal from an order of the Supreme Court, Erie County (Patrick
H. NeMoyer, J.), entered October 28, 2013. The order, insofar as
appealed from, denied in part the motion of defendants Farida
Barodawala, M.D. and Anesthesia Consultant Associates for a protective
order.

    It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs and the motion is
granted in its entirety.

    Memorandum: Plaintiff, individually and as executrix of the
estate of Richard C. Kirby (decedent), commenced this personal injury
and wrongful death action seeking damages based on defendants'
allegedly negligent treatment of decedent, their patient. Farida
Barodawala, M.D. and Anesthesia Consultant Associates (defendants)
moved, inter alia, for a protective order pursuant to CPLR 3103 and
Public Health Law § 230 with respect to a report prepared by the
Office of Professional Medical Conduct (OPMC), a nonparty, following
an investigation into the circumstances of decedent's death. During
the discovery phase of the litigation, plaintiff testified at her
deposition that "New York State" had sent her a copy of the report,
which was subsequently disclosed by plaintiff to all defendants.
Supreme Court granted defendants' motion only in part, directing that
the report shall be kept confidential and shall not be further
disseminated or referenced during the deposition of Dr. Barodawala.
The order specified that the remainder of the motion was denied

without prejudice to renew following the completion of Dr. Barodawala's deposition testimony. We note at the outset that, contrary to the contention of defendants-respondents, "the order is appealable pursuant to CPLR 5701 (a) (2) (v) . . . , notwithstanding that the motion was denied without prejudice to renew" (*Allen v General Elec. Co.*, 11 AD3d 993, 994).

With respect to the merits, we conclude that Supreme Court erred in granting defendants' motion only in part, and should have granted the motion in its entirety. "Pursuant to Public Health Law § 230 (10) (a) (v), the files of OPMC concerning possible instances of professional misconduct are confidential, subject to [certain] exceptions," including Public Health Law § 230 (9), which are not applicable here (*Hunold v Community Gen. Hosp. of Greater Syracuse*, 61 AD3d 1331, 1332-1333). Inasmuch as there is no evidence in the record that the OPMC proceeded past the interview phase of Dr. Barodawala's alleged misconduct with respect to decedent, the OPMC report is not discoverable as a matter of law (*see* § 230 [10] [a] [v]). Thus, we conclude that the court erred in failing to restore this matter to the "status quo prior to the [inadvertent] disclosure" (*Matter of Beiny [Weinberg]*, 129 AD2d 126, 138, *lv dismissed* 71 NY2d 994).

Entered: November 14, 2014 Frances E. Cafarell
Clerk of the Court