Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered October 28, 2013. The order, insofar as appealed from, denied in part the motion of defendants Farida Barodawala, M.D. and Anesthesia Consultant Associates for a protective order.
It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is granted in its entirety.
Memorandum: Plaintiff, individually and as executrix of the estate of Richard C. Kirby (decedent), commenced this personal injury and wrongful death action seeking damages based on defendants’ allegedly negligent treatment of decedent, their patient. Farida Barodawala, M.D. and Anesthesia Consultant Associates (defendants) moved, inter alia, for a protective order pursuant to CPLR 3103 and Public Health Law § 230 with respect to a report prepared by the Office of Professional Medical Conduct (OPMC), a nonparty, following an investigation into the circumstances of decedent’s death. During the discovery phase of the litigation, plaintiff testified at her deposition that “New York State” had sent her a copy of the report, which was subsequently disclosed by plaintiff to all defendants. Supreme Court granted defendants’ motion only in part, directing that the report shall be kept confidential and shall not be further disseminated or referenced during the deposition of Dr. Barodawala. The order specified that the remainder of the motion was denied without prejudice to renew following the completion of Dr. Barodawala’s deposition testimony. We note at the outset that, contrary to the contention of defendants-respondents, “the order is appealable pursuant to CPLR 5701 (a) (2) (v) . . . , notwithstanding that the motion was denied *1285 without prejudice to renew” (Allen v General Elec. Co., 11 AD3d 993, 994 [2004]).
With respect to the merits, we conclude that Supreme Court erred in granting defendants’ motion only in part, and should have granted the motion in its entirety. “Pursuant to Public Health Law § 230 (10) (a) (v), the files of OPMC concerning possible instances of professional misconduct are confidential, subject to [certain] exceptions,” including Public Health Law § 230 (9), which are not applicable here (Hunold v Community Gen. Hosp. of Greater Syracuse, 61 AD3d 1331, 1332-1333 [2009]). Inasmuch as there is no evidence in the record that the OPMC proceeded past the interview phase of Dr. Barodawala’s alleged misconduct with respect to decedent, the OPMC report is not discoverable as a matter of law (see § 230 [10] [a] [v]). Thus, we conclude that the court erred in failing to restore this matter to the “status quo prior to the [inadvertent] disclosure” (Matter of Beiny [Weinberg], 129 AD2d 126, 138 [1987], lv dismissed 71 NY2d 994 [1988]).
Present — Smith, J.P, Peradotto, Valentino, Whalen and DeJoseph, JJ.