# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1284**
**CA 14-01035**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF JANET M. IZZO AND JENNIFER M.
BEARD, AS COADMINISTRATORS OF THE ESTATE OF
LAURA HULING, DECEASED,
PETITIONERS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF HEALTH, NIRAV R.
SHAH, COMMISSIONER, NEW YORK STATE DEPARTMENT OF
HEALTH, STATE BOARD FOR PROFESSIONAL MEDICAL
CONDUCT, KENDRICK SEARS, CHAIR, STATE BOARD OF
PROFESSIONAL MEDICAL CONDUCT, OFFICE OF
PROFESSIONAL MEDICAL CONDUCT AND KEITH SERVIS,
EXECUTIVE DIRECTOR OF OFFICE OF PROFESSIONAL
MEDICAL CONDUCT, RESPONDENTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

JANET M. IZZO, SYRACUSE, PETITIONER-RESPONDENT PRO SE AND FOR JENNIFER
M. BEARD, PETITIONER-RESPONDENT.

---

Appeal, by permission of the Appellate Division of the Supreme
Court in the Fourth Judicial Department, from an order and judgment of
the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered May
29, 2014 in a proceeding pursuant to CPLR article 78. The order and
judgment, among other things, directed respondents to serve detailed
affidavits with their answer and to provide certain documents for in
camera review.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously reversed on the law without costs and the petition is
dismissed.

Memorandum: In this CPLR article 78 proceeding, respondents
contend that Supreme Court erred in directing them to supplement their
verified answer by providing affidavits and submitting documents for
in camera review to describe in greater detail the investigation
undertaken by respondent Office of Professional Medical Conduct (OPMC)
with respect to the medical misconduct complaint filed by petitioners'
decedent. We agree. Pursuant to Public Health Law § 230 (10) (a)
(v), OPMC's investigative records are confidential and not subject to
disclosure, subject to certain exceptions not applicable to this case,
where, as here, the OPMC investigation does not proceed past the

interview stage (*see Kirby v Kenmore Mercy Hosp.*, 122 AD3d 1284, 1285; *Hunold v Community Gen. Hosp. of Greater Syracuse*, 61 AD3d 1331, 1332-1333).

We further agree with respondents that the petition must be dismissed.  A patient complaining of professional misconduct has no standing to challenge the determination of a disciplinary body not to pursue disciplinary action (*see Matter of Davis v New York State Dept. of Educ.*, 96 AD3d 1261, 1262), and petitioners therefore have no standing to challenge OPMC's determination not to bring medical misconduct charges pursuant to Education Law § 6510.  In any event, we further conclude that the determination of a disciplinary body such as OPMC that no misconduct occurred in a particular case "is a discretionary one for which review in a proceeding in the nature of mandamus is unavailable" (*Matter of Frooks v Adams*, 214 AD2d 615, 615; *see Davis*, 96 AD3d at 1262-1263; *see also Matter of Wade v Suffolk County Med. Socy.*, 88 AD2d 602, 602).

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court