Furlong v Shenoy (2025 NY Slip Op 01540)

Furlong v Shenoy

2025 NY Slip Op 01540

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

957 CA 23-02002

[*1]MICHELLE FURLONG AND JEFF FURLONG, PLAINTIFFS-APPELLANTS,
v
SADASHIV S. SHENOY, M.D., SADASHIV S. SHENOY, M.D., PLLC, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
ADDELMAN CROSS & BALDWIN, P.C., BUFFALO (JESSE B. BALDWIN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Mario A. Giacobbe, A.J.), entered November 17, 2023. The order, inter alia, granted in part the cross-motion of defendants Sadashiv S. Shenoy, M.D., and Sadashiv S. Shenoy, M.D., PLLC, to sever the first and second causes of action in the complaint into separate actions. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying without prejudice that part of the cross-motion seeking to sever the first and second causes of action from each other, and as modified the order is affirmed without costs.
Memorandum: In this medical malpractice action, plaintiffs allege, in their first cause of action, that defendants Sadashiv S. Shenoy, M.D. (Shenoy) and Sadashiv S. Shenoy, M.D., PLLC (collectively, Shenoy defendants) are liable for Shenoy's negligence in performing a lumbar spine diagnostic procedure at defendant Kaleida Health, doing business as Millard Fillmore Suburban Hospital (hospital), which is within the healthcare network of defendant Kaleida Health. Plaintiffs further allege, in their second cause of action, that Kaleida Health negligently credentialed Shenoy after he was previously found not competent to practice medicine following a required examination. Plaintiffs now appeal from an order that, inter alia, granted the Shenoy defendants' cross-motion, made prior to the service of an answer by Kaleida Health and the hospital, insofar as the cross-motion sought to sever the first and second causes of action into separate actions pursuant to CPLR 603.
A court's exercise of discretion in determining a request for a severance pursuant to CPLR 603 will not be disturbed on appeal "absent [an] abuse of discretion or prejudice to a party's substantial rights" (Caruana v Padmanabha, 77 AD3d 1307, 1307 [4th Dept 2010] [internal quotation marks omitted]; see Sunshine Imaging Assn./WNY MRI v Government Empls. Ins. Co., 66 AD3d 1419, 1420 [4th Dept 2009]). Nonetheless, a court's discretion to grant a request for a severance should be "exercised sparingly" inasmuch as "[f]ragmentation increases litigation and places an unnecessary burden on court facilities by requiring two separate trials instead of one" (Shanley v Callanan Indus., 54 NY2d 52, 57 [1981]). Thus, "[t]he burden is on the party seeking the severance to show that a joint trial would result in substantial prejudice" (Matter of Eighth Jud. Dist. Asbestos Litig., 106 AD3d 1453, 1453 [4th Dept 2013] [internal quotation marks omitted]).
Here, we agree with plaintiffs that the record is insufficiently developed for Supreme Court to conclude that the Shenoy defendants established substantial prejudice to warrant a severance (see Allen v General Elec. Co., 11 AD3d 993, 994 [4th Dept 2004]). We conclude that the court should have denied the cross-motion, without prejudice, insofar as it sought to sever the [*2]first and second causes of action from each other, and we therefore modify the order accordingly. "[O]nce discovery is completed and the facts and issues are fully brought to light, the court can more intelligently exercise its discretion in deciding whether" a severance is warranted (id.), while taking into consideration whether the "potential prejudice identified by [the Shenoy defendants] could be prevented by the trial court's instructions to the jury" (Hopper v Regional Scaffolding & Hoisting Co., 272 AD2d 242, 242 [1st Dept 2000]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court