Semon v Pebble Corp.
2026 NY Slip Op 03899
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Sean Semon et al., Plaintiffs-Appellants,
v
Pebble Corp. et al., Defendants-Respondents.

Decided and Entered: June 18, 2026
Index No. 653380/24|Appeal No. 6932|Case No. 2025-00570|
Before: Kennedy, J.P., Friedman, Gesmer, Michael, Chan, JJ.

Stadtmauer & Associates, New York (Marc A. Stadtmauer of counsel), for appellants.
Gordon Rees Scully Mansukhani, LLP, New York (Ryan J. Sestack of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on January 7, 2025, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, without costs.
Supreme Court properly determined that Administrative Code of City of NY § 20-840 (the cashless ban) does not afford plaintiffs, putative class members, a private right of action. "[W]here a statute does not make express provision for a private remedy, such a remedy may be had only if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history" (Ortiz v Ciox Health LLC, 37 NY3d 353, 360 [2021] [internal quotation marks omitted]). In considering such legislative intent, courts look for all of the following three factors: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme" (id. [internal quotation marks omitted]).
Plaintiffs demonstrated the existence of the first two factors. They are part of the putative class because they paid cash when they bought food from the fast-food restaurant operated by defendants, but were effectively overcharged when they were not returned exact change. The legislative history of the cashless ban does not, as defendants urge, require that the people it was designed to benefit be "unbanked" or "underbanked." Further, a private right of action would promote the legislative purpose by deterring merchants from overcharging customers using cash because of the threat of litigation.
"The third factor . . . is the most important and typically turns on the legislature's choice to provide one particular enforcement mechanism to the exclusion of others because it demonstrates that the legislature considered and decided what avenues of relief were appropriate" (Konkur v Utica Academy of Science Charter Sch., 38 NY3d 38, 41 [2022] [internal quotation marks omitted]). The cashless ban expressly contemplates public enforcement through the imposition of civil penalties (Administrative Code § 20-840[c]) and is silent regarding private enforcement. Without a private right of action, overcharged cash-paying customers are not left without recourse but are still able to pursue damages under common-law causes of action, such as breach of contract and unjust enrichment.
To the extent that plaintiffs request the alternate relief of leave to amend the complaint to add causes of action for breach of contract and unjust enrichment, such request is not properly before this Court because plaintiffs never sought leave to amend the complaint below (see Channel Chiropractic, P.C. v Country-Wide Ins. Co., 38 AD3d 294, 294 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
[*2]
ENTERED: June 18, 2026